252 So.2d 229 (1971)
Richard Lamar MULLIS, a Minor, by His Father and Next Friend, Shelby Mullis, and Shelby Mullis, Individually, Petitioners,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a Corporation, Respondent.
No. 39465.
Supreme Court of Florida.
July 1, 1971.
Rehearing Denied September 28, 1971.
*230 Gerald R. Power of Sistrunk & Power, Jacksonville, for petitioners.
Ronald L. Palmer, of Mathews, Osborne & Ehrlich, Jacksonville, for respondent.
ERVIN, Justice.
This is a conflict certiorari review of the decision of the District Court of Appeal, First District, in Mullis v. State Farm Mutual Automobile Insurance Company, Fla.App. 1970, 231 So.2d 46.
Petitioners, Richard Lamar Mullis, a minor, by his father, Shelby Mullis, and *231 Shelby Mullis individually, sued State Farm Mutual Automobile Insurance Company, a corporation, alleging in the complaint that Shelby Mullis had been issued two policies of automobile liability insurance by the respondent insurance company covering a 1963 Ford automobile and a 1967 Ford automobile, which policies, pursuant to F.S. section 627.0851(2), F.S.A., also provided coverage to Shelby Mullis, the named insured, to his spouse and to their relatives resident in his household (which included Richard Lamar Mullis) for bodily injury caused by the negligence of an owner or operator of an uninsured automobile.
The complaint alleged Richard Lamar Mullis, the son, was injured on May 25, 1967 while said insurance policies were in force; that the injury occurred while the son was operating a Honda motorcycle which was not covered by automobile liability insurance issued by the respondent insurance company; that the son was injured on said date by the negligent operation of an automobile by Marion William Smith, who at the time of the accident was an uninsured motorist; and that the Honda motorcycle was owned by Richard Lamar Mullis' mother, the wife of Shelby Mullis.
Arbitration of the claim for damages because of the bodily injury of the son arising from the motor vehicle accident was refused by the insurance company. The instant cause of action ensued. Therein summary judgment was entered by the trial court in favor of the defendant insurance company pursuant to its defenses that its two policies by their terms excluded the uninsured motorist coverage claimed by plaintiffs.
The two policies provided uninsured motorist coverage in this language:
"INSURING AGREEMENT III  UNINSURED AUTOMOBILE COVERAGE
"COVERAGE U  Damages for Bodily Injury Caused by Uninsured Automobiles. To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; provided, for the purposes of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration." Insureds protected from damages because of bodily injury caused by uninsured motorists are described in the policies as follows:
"Insured  The unqualified word `insured' means
(1) the first person named in the declarations and while residents of his household, his spouse and the relatives of either;
(2) any other person while occupying an insured automobile; and
(3) any person, with respect to damages he is entitled to recover because of bodily injury to which this coverage applies sustained by an insured under (1) or (2) above."
However, such coverage is made subject to this exclusion in each policy which reads:
"EXCLUSIONS  INSURING AGREEMENT III
"Insuring Agreement III does not apply:
* * * * * *
"(b) to bodily injury to an insured while occupying or through being struck by a land motor vehicle owned by the named insured or any resident of the same household, if such vehicle is not an `insured automobile';"
To summarize, the policies provide for uninsured motorist family protection for *232 the members of the Mullis family household, subject to the exclusion that this coverage is not applicable if the bodily injury caused by the negligence of an uninsured motorist occurs while the injured member of the family is occupying another motor vehicle owned by Shelby Mullis or an insured member of his household that is not covered by said automobile liability policies issued to Shelby Mullis.
Specifically, the trial court agreed this exclusion defeats plaintiffs' cause of action and the First District Court affirmed, on appeal, citing in support its decision in United States Fidelity & Guaranty Co. v. Webb, Fla.App. 1966, 191 So.2d 869.
The question to be decided is whether the described exclusion of Richard Lamar Mullis from uninsured motorist coverage is legally permissible under Florida law.
We have determined after careful consideration and study of the applicable law and pertinent decisions that the decision of the District Court of Appeal must be quashed.
The recited exclusion is contrary to F.S. section 627.0851, F.S.A., and the uninsured motorist protection contemplated therein.[1]
This section provides that no automobile liability policy shall be issued with respect to any motor vehicle registered or garaged in Florida unless coverage is provided therein "in not less than the limits described in Section 324.021(7), F.S. * * * for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease * * *"
The "persons insured" thereunder in an automobile liability insurance policy as contemplated by F.S. chapter 324, F.S.A., the Financial Responsibility Law, ordinarily are: the owner or operator of an automobile, his spouse and other members of his family resident in his household and others occupying the insured automobile with the insured owner's permission. These insureds are protected by the policy from liability to others due to injuries they inflict by their negligent operation of the insured owner's automobile. Reciprocally, this same class of insureds is protected by uninsured motorist coverage in the same policy from bodily injury caused by the negligence of uninsured motorists.
F.S. section 324.021(7), F.S.A., of the State's Financial Responsibility Law, relating to automobile liability insurance provided by an owner of a motor vehicle to comply with the law to cover his liability to others because of the negligent operation of his motor vehicle, sets limits of ten thousand dollars because of bodily injury or death of one person in any one accident (and subject to said limit for one person), and twenty thousand dollars because of bodily injury to or death of two or more persons in any one accident.
Similarly and reciprocally, Section 627.0851 provides for the same limits described in F.S. section 324.021(7), F.S.A., as uninsured motorist protection coverage. Accordingly, if an uninsured motorist had complied with the financial responsibility law and obtained automobile liability insurance he would have afforded all members of the public, including, of course, the class of insureds described above, the same protection as Section 627.0851 prescribes for those taking advantage of such section.
Automobile liability insurance coverage obtained in order to comply with or conform to the Financial Responsibility *233 Law, F.S. chapter 324, F.S.A., after an insured's first accident, cannot be narrowed by the insurer or carrier through exclusions contrary to the law. For example, the combined rationale of Howard v. American Service Mutual Insurance Co., Fla. App., 151 So.2d 682, 8 A.L.R.3d 382; Phoenix Assur. Co. of N.Y. v. Bankers and Shippers Ins. Co., Fla.App., 202 So.2d 122, and Bankers and Shippers Ins. Co. of New York v. Phoenix Assur. Co., Fla., 210 So.2d 715, is that after a first accident an automobile owner complying with the Financial Responsibility Law may not have excluded from his automobile liability policy, coverage for those operating the insured automobile with his permission, contrary to F.S. section 324.151(1) (a), F.S.A.
The same is true as to uninsured motorist coverage obtained pursuant to the financial responsibility law's counterpart, Section 627.0851, as will be demonstrated by authorities hereinafter cited.
When uninsured motorist coverage was obtained by Shelby Mullis pursuant to Section 627.0851 for himself as the named insured, for his spouse and for his or his spouse's relatives who are residents of his household, they were given the same protection in case of bodily injury as if the uninsured motorist had purchased automobile liability insurance in compliance with the Financial Responsibility Law. This, of course, would not be the case as to other persons potentially covered who are not in the class of the named insured and relatives resident in the Mullis household. These latter are protected only if they receive bodily injury due to the negligence of an uninsured motorist while they occupy the insured automobile of the named insured with his permission or consent. This latter group is necessarily restricted to occupants of the insured automobile for the purpose of coverage identification and to show their insurable relationship to the named insured paralleling coverage for others than named insured in automobile liability policies. However, this is not true as to the named insured and the protected relatives resident in his household.
Whenever bodily injury is inflicted upon named insured or insured members of his family by the negligence of an uninsured motorist, under whatever conditions, locations, or circumstances, any of such insureds happen to be in at the time, they are covered by uninsured motorist liability insurance issued pursuant to requirements of Section 627.0851. They may be pedestrians at the time of such injury, they may be riding in motor vehicles of others or in public conveyances and they may occupy motor vehicles (including Honda motorcycles) owned by but which are not "insured automobiles" of named insured.
Uninsured motorist coverage or family protection is intended by the statute to protect the described insureds thereunder to the extent of the limits described in Section 324.021(7) "who are legally entitled to recover damages, namely those from owners or operators of uninsured motor vehicles because of bodily injury" and is not to be "whittled away" by exclusions and exceptions.
Bodily injury to a member of the public due to motor vehicle accident, whether produced by the negligence of an automobile liability insured or by an uninsured motorist has the same financial loss impact on the injured member of the public, and in the eyes of our reciprocal motorist public protection laws, F.S. chapter 324 and section 627.0851, F.S.A., the injury is just as acute and damaging to the member of the public whether he was injured as a pedestrian or while riding in a public conveyance or in an "uninsured automobile."
The public policy of the uninsured motorist statute (Section 627.0851) is to provide uniform and specific insurance benefits to members of the public to cover damages for bodily injury caused by the negligence of insolvent or uninsured motorists and such statutorily fixed and prescribed protection is not reducible by insurers' *234 policy exclusions and exceptions any more than are the benefits provided for persons protected by automobile liability insurance secured in compliance with the Financial Responsibility Law.
Insurers or carriers writing automobile liability insurance and reciprocal uninsured motorist insurance are not permitted by law to insert provisions in the policies they issue that exclude or reduce the liability coverage prescribed by law for the class of persons insured thereunder who are legally entitled to recover damages from owners or operators of motor vehicles because of bodily injury.
Beginning with Zeagler v. Commercial Union Insurance Co. of New York, Fla. App. 1964, 166 So.2d 616, and Davis v. United States Fidelity & Guaranty Company of Baltimore, Md., Fla.App. 1965, 172 So.2d 485, sundry types of uninsured motorist coverage exclusions contrary to the intent of Section 627.0851 have been held invalid by the appellate courts of the Florida jurisdiction.
Judge Rawls, as Chief Judge of the First District Court of Appeal, in Standard Accident Insurance Co. v. Gavin, 184 So.2d 229, at 232, aptly expressed the reason for denying such exclusions and exceptions in these words:
"In Davis v. United States Fidelity & Guaranty Company [cited above] this Court held that the uninsured motorist statute, Section 627.0851 established the public policy of this state to be that every insured is entitled to recover for the damages he or she would have been able to recover if the offending motorist had maintained a policy of liability insurance. Insurance companies are without power to insert provisions in the policy which would restrict the coverage afforded by the policy in a manner contrary to the intent of the statute.
"Under Section 627.0851 neither the insurer nor the insured may contract for uninsured motorist coverage in an amount less than $10,000 on account of death or bodily injury of one person in any one accident except that the insured may reject the entire coverage. To contract for an amount of coverage which is less than the minimum required by law is repugnant to legislative policy." (Emphasis added.)
His opinion quotes the trial judge in the case as saying: "* * * the parties are presumed to have entered into such agreement with reference to the statute, and the statutory provisions become a part of the contract." (Emphasis supplied.)
While the First District Court of Appeal later exhibited some vacillation anent the principles it enunciated in the Davis and Gavin cases, particularly in its decision in United States Fidelity & Guaranty Company v. Webb, supra, cited as the basis for its decision in this case, it did hew to its earlier pronouncements in the Davis and Gavin cases in a decision rendered subsequent to the Webb case, i.e., in Travelers Indemnity Co. v. Powell (1968), 206 So.2d 244. In Powell an exclusionary clause (see text page 246 of Powell) similar to the one in this case was held by the First District Court to be "more restrictive than the statute" and "an invalid restriction" contrary to Section 627.0851. The Court said:
"[2] The Powells contend, and we agree, that the exclusion clause here in an invalid restriction because it is not the intent of the statute to limit coverage to an insured by specifying his location or the particular vehicle he is occupying at the time of injury. The statute states its purpose thusly:
"`* * * for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles * * *.'" (Emphasis supplied.)
Other Florida cases have held likewise. For example, in National Service Fire Insurance Company v. Mikell, Fla.App. 1967, *235 204 So.2d 343, the District Court of Appeal, Third District, held that a wife could recover for the death of her husband under her uninsured motorist coverage when her husband was killed at a service station standing next to his automobile which was not an insured vehicle covered by the automobile liability policy issued to the wife. Her husband was killed as a result of an uninsured motorist crashing into the pumps in the filling station, causing them to explode.
The Third District Court of Appeal, in Butts v. State Farm Mutual Automobile Insurance Company, Fla.App. 1968, 207 So.2d 73, rejected denial by an insurer of uninsured motorist coverage to the son of its named insured on the basis the automobile liability insurance policy contained a driver exclusion endorsement that insurer would not be liable for bodily injuries sustained by those otherwise protected by the policy while in an automobile insured under the policy which was being driven or operated by the son. The Third District Court quoted from the Powell case, supra, as authority for holding this exclusion void, as follows:
"`The coupling of uninsured motorist coverage with family protection coverage in an automobile liability policy has made each member of a family an insured under each such policy purchased by any family member * * *.'" (emphasis supplied)
It concluded by saying:
"* * * The driver exclusion endorsement is not an attempt to exclude Robert Butts from the definition of "insured", since it is uncontested that he would be covered if he were a passenger in the automobile being driven by Bernard H. Butts, the named insured. The endorsement must then be a nonliability clause aimed at narrowing the company's obligations under the policy. Travelers Indemnity Company v. Powell, supra, stands for the proposition that, as regards uninsured motorist or family protection coverage, this can not be done. * * *"
The same situation is present in the instant case. Robert Lamar Mullis is not excluded from the definition of "insureds." In fact, the exclusionary clause specifically refers "to bodily injury to an insured * * *" (emphasis supplied). The exclusion, therefore, is an invalid limitation of coverage.
The District Court of Appeal, Third District, in Forbes v. Allstate Insurance Company, 1968, 210 So.2d 244, held a policy exclusion of an insured from uninsured motorist protection while he occupies a public conveyance (taxicab) and is injured by an uninsured motorist to be void.
The Third District Court, one week after its Forbes decision, in Hartford Accident and Indemnity Co. v. Mason, 1968, 210 So.2d 474, held that partial exclusion of uninsured motorist coverage of insured with respect to certain vehicles is void.
The Second District Court of Appeal, on the same day Forbes was decided, held in First National Insurance Company v. Devine, 211 So.2d 587, exclusions from the class of insureds under uninsured motorist coverage of drivers under age of twenty-five years was void as against the public policy expressed in Section 627.0851. The court said:
"* * * The statute [F.S. § 627.0851, F.S.A.] does not contemplate a piecemeal whittling away of liability for injuries caused by uninsured motorists. * * *" (Emphasis supplied.)
It also said:
"* * * If the purpose of uninsured motorist insurance is to indemnify an innocent party against injury which might be caused by a wrongdoer, then the age of the innocent party is not a factor in the cause of the injury. * * *"
And neither is the innocent party's mode of transportation a factor.
*236 The principal case cited by Petitioners for invoking our conflict jurisdiction is Valdes v. Prudence Mutual Casualty Company, 207 So.2d 312, decided in 1968 by the Third District Court of Appeal.
Comparison is drawn by Petitioners between the exclusion provisions in the instant case and those in the Webb case on which latter the First District Court rests its decision in the instant case and the exclusion provisions in the Valdes case (see text page 313 of 207 So.2d). In essence, the exclusions are all the same. The three automobile liability insurance policies in Webb, Valdes, and the instant case coupling uninsured motorist coverage for bodily injury to the class of insureds therein, all contain a standard exclusion that there is no coverage if the injury is received while an insured occupies an automobile not insured by insurer but which is owned by a named insured or any relative resident in the same household of the named insured.
In Valdes, the named insured, as in the instant case of Mullis, owned two automobiles, each of which he covered with automobile liability insurance containing uninsured motorist coverage. The Valdes case involved bodily injury to an insured caused by an uninsured motorist while insured was operating a motor scooter (an uninsured vehicle) owned by him. The Third District Court of Appeal held Valdes' injury was covered by his uninsured motorist protection.
In the Webb case, a Mr. Webb owned two 1951 Chevrolet automobiles, only one of which he covered with automobile liability insurance and uninsured motorist coverage. His policy contained an exclusionary provision similar to the ones in the Valdes case and the instant case. An uninsured motorist injured Mr. Webb while he (Webb) was driving his uninsured Chevrolet. The First District Court of Appeal denied him uninsured motorist coverage.
In Mullis, the instant case, the named insured's son, also an insured, was operating a motorcycle (an uninsured motor vehicle) owned by his mother. The essentially similar exclusionary provisions in the policies in all three cases (Webb, Valdes and Mullis) were held to negative insurer's uninsured motorist liability in Webb and Mullis, but not in Valdes.
But the clear conflict here is that Mullis, the instant case, conflicts with the often-announced holding that uninsured motorist coverage under the statute provides bodily injury family protection as if, and to the extent, the uninsured motorist had been covered by a standard auto liability insurance policy under the Financial Responsibility Law, and no exclusions from such protection are permissible. If an auto liability policy insured negligently hits another with his insured automobile, it is immaterial whether such other is a pedestrian or occupies any particular vehicle; the insured's carrier is liable.
Other jurisdictions have refused to approve similar exclusion clauses inserted by insurers contrary to the policy of uninsured motorist insurance laws.
A Federal case of recent origin, Vaught v. State Farm Fire and Casualty Company, 413 F.2d 539 (8th Cir.1969), held that an exclusionary clause stating that automobiles owned by a municipality were not to be classed as uninsured automobiles was invalid under the Arkansas Uninsured Motorist Statute (Ark.Stat. § 66-4003). Footnote 5, page 542, in the Vaught case is too lengthy to reproduce here, but it is interesting to note that it lists six types of exclusionary clauses restricting uninsured motorist coverage which were all declared invalid in various jurisdictions. Among the cases mentioned in the footnote are the Butts, Powell, and Forbes cases, supra.
In Aetna Insurance Co. v. Hurst, 1969, 2 Cal. App.3d 1067, 83 Cal. Rptr. 156, a California insured successfully challenged an *237 exclusion similar to the one in Webb. Walter Hurst, while operating his uninsured motorcycle, was injured by an uninsured motorist. Hurst's wife owned a Pontiac insured by Aetna under a policy containing uninsured motorist coverage and Hurst made a claim against Aetna under his wife's policy. Aetna brought an action for declaratory judgment seeking a declaration that Hurst was not covered in this case by virtue of an exclusion which read:
"This policy does not apply * * * (a) to bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by the named insured or a relative. * * *"
The trial court held in favor of Hurst, stating:
"(a) Walter's [Hurst's] motorcycle was not an automobile within the meaning of the insurance policy, and (b) in any event the exclusionary clause was ineffective because it conflicted with Insurance Code Section 11580.2." [Which is similar to F.S. § 627.0851, F.S.A.]
The Court of Appeal affirmed this holding, noting that § 11580.2 did not mention any exclusions from its uninsured motorist coverage. Rather, all those falling within California's statutory definition of "insureds" were covered. According to § 11580.2(b), an insured is the named insured and his family residing in this household who are bodily injured by an uninsured motorist while in any motor vehicle insured or not, or elsewhere, as well as other persons so injured while in an insured motor vehicle. Our Sections 627.0851 and 627.0852(1) (a) 1, coupled with Section 324.021(7) cover the same class of insureds sustaining bodily injury because of the negligence of an uninsured motorist.
In reaching its conclusion, the California court said at page 158 of 83 Cal. Rptr.:
"Defendant Walter Hurst is a member of the first class. Under the unqualified language of the statute his coverage is not dependent upon whether or not he is in any kind of vehicle. The fact that he was riding an uninsured motorcycle thus has no bearing upon his coverage as defined by the statute."
Uninsured motorist statutes in Virginia and Georgia also define insureds in two classes; those in the family class covered at all times, and those covered while occupying the insured vehicle. Courts in those states have sustained coverage for policy holders who were injured by uninsured motorists while riding in uninsured automobiles which they owned, rather than in their insured motor vehicle. (Allstate Insurance Company v. Meeks (1967), 207 Va. 897, 153 S.E.2d 222, and Gulf American Fire and Casualty Co. v. McNeal (1967), 115 Ga. App. 286, 154 S.E.2d 411).
In Allstate Insurance Company v. Meeks, supra, an insured owned two automobiles and only one was insured. It was held that the uninsured motorist coverage of one of the automobiles extended to cover the named insured while operating his uninsured automobile, since the court said that the "insured" is a member of an "insured class," and uninsured motorist coverage extends to this class of persons irrespective of their location at time of injury. The courts of the state of Georgia also apply the "class theory" and in Gulf American Fire & Casualty Co. v. McNeal, supra, it was held that the uninsured motorist provision which was in effect on a third owned automobile extended the uninsured motorist coverage to their first and second automobiles as to the "insured persons" therein. The court explains at page 416 that under the Georgia Code (§ 56-407A) the insured, his spouse, and relatives of the same household are in a class of "insured persons" that are covered by uninsured motorist family protection even where the "insured automobile is not in any way involved in the insured's injuries."
In sum, our holding is that uninsured motorist coverage prescribed by Section 627.0851 is statutorily intended to provide the reciprocal or mutual equivalent of *238 automobile liability coverage prescribed by the Financial Responsibility Law, i.e., to say coverage where an uninsured motorist negligently inflicts bodily injury or death upon a named insured, or any of his family relatives resident in his household, or any lawful occupants of the insured automobile covered in his automobile liability policy. To achieve this purpose, no policy exclusions contrary to the statute of any of the class of family insureds are permissible since uninsured motorist coverage is intended by the statute to be uniform and standard motor vehicle accident liability insurance for the protection of such insureds thereunder as "if the uninsured motorist had carried the minimum limits" of an automobile liability policy. Travelers Indemnity Co. v. Powell, supra, text 246. This case also expressly holds that uninsured motorist coverage under our statutes "has made each member of a family an insured under each such policy purchased by any family member." Text 246.
To recapitulate, Richard Lamar Mullis is insured under the State Farm policies purchased by Shelby Mullis. Pursuant to the requirements of the statute, they cover two classes of insureds. The first includes Shelby Mullis and his wife and members of their family as long as they are residents of his household. In the second class are other persons not members of the Mullis family who are covered only while they are lawful occupants of one of the insured automobiles. Richard Lamar Mullis is a member of the first class; as such he is covered by uninsured motorist liability protection issued pursuant to Section 627.0851 whenever or wherever bodily injury is inflicted upon him by the negligence of an uninsured motorist. He would be covered thereby whenever he is injured while walking, or while riding in motor vehicles, or in public conveyances, including uninsured motor vehicles (including Honda motorcycles) owned by a member of the first class of insureds. Neither can an insured family member be excluded from such protection because of age, sex, or color of hair. Any other conclusion would be inconsistent with the intention of Section 627.0851. It was enacted to provide relief to innocent persons who are injured through the negligence of an uninsured motorist; it is not to be "whittled away" by exclusions and exceptions.
The statute requires that uninsured motorist coverage be included in all policies delivered or issued for delivery in Florida for the benefit of those insured thereunder. The only exception permitted by the statute is "where any insured named in the policy shall reject the coverage." The named insured here did not reject the statutory coverage.
The decision of the District Court of Appeal is quashed and the cause remanded with direction that further proceedings therein be in accord herewith.
CARLTON, ADKINS, and DREW (Retired), JJ., concur.
BOYD and DEKLE, JJ., dissent with opinion.
ROBERTS, C.J., dissents.
BOYD, Justice (dissenting).
I must respectfully dissent. We should not impose liability upon an insurance company which is not stated in the policies nor required by statute. In this record there is nothing to persuade me there is such liability here. The opinion of the Court of Appeal, First District should be affirmed.
DEKLE, Justice (dissenting).
See my dissent in Hodges v. National Union Indemnity Co., Supreme Court, 249 So.2d 679, opinion filed May 26, 1971.
NOTES
[1] The fact that Shelby Mullis happened to have two auto liability policies covering two motor vehicles owned by him at the time of his son's injury is immaterial to our decision herein relative the exclusionary clause. It is not necessary in this litigation that we decide any question concerning this multiple uninsured motorist coverage although we have considered such questions in prior cases. E.g., compare Sellers v. United States Fidelity & Guaranty Co. (Fla. 1966), 185 So.2d 689, and Morrison Assurance Co. v. Polak, Fla. 1969, 230 So.2d 6.