380 So.2d 1155 (1980)
Denise FRANCE, Appellant,
v.
LIBERTY MUTUAL INSURANCE COMPANY, Appellee.
No. 79-599.
District Court of Appeal of Florida, Third District.
March 11, 1980.
Bradford, Williams, McKay, Kimbrell, Hamann, Jennings & Kniskern, and Carol A. Fenello, Miami, for appellant.
Magill, Sevier & Reid and Kevin P. O'Connor, Miami, for appellee.
Before HAVERFIELD, C.J., SCHWARTZ, J., and MELVIN, WOODROW M. (Ret.), Associate Judge.
HAVERFIELD, Chief Judge.
This is an appeal from an order dismissing with prejudice an amended complaint for declaratory judgment seeking a determination of entitlement to uninsured motorist coverage.
Appellant, Denise France, sustained serious injuries while a passenger in a friend's car which was struck by a car operated by Michael Schrader and owned by his sister. At the time of the accident, France was residing with her parents who owned two automobiles insured by Liberty Mutual Insurance Company, appellee herein. She also owned a car which was insured by Travelers Insurance Company. France sued Michael Schrader and settled for the policy limits afforded Michael under his sister's automobile liability policy. Thereafter, she made claims for underinsured motorist benefits against her friend's automobile liability insurer, her own personal carrier and Liberty Mutual, her parents' insurer. Liberty Mutual denied coverage and France filed a complaint for declaratory judgment. Liberty Mutual moved to dismiss on the *1156 ground that under the terms of its policy[1] France was not an insured because she owned a private passenger automobile and was specifically excluded from underinsured motorist coverage. Subsequently, her complaint was dismissed with prejudice. France appeals the dismissal order and in essence argues that the language excluding her from entitlement to uninsured motorist coverage because she is a relative who owns a private passenger automobile is contrary to the public policy of the State of Florida and, therefore, is invalid. We cannot agree.
First, in two previous cases involving policies with identical or similar language excluding from uninsured motorist coverage a relative owning an automobile, this court and a sister court have upheld the validity of such exclusionary clauses. See Liberty Mutual Fire Insurance Company v. Kessler, 232 So.2d 213 (Fla. 3d DCA 1970) and Gilligan v. Liberty Mutual Insurance Company, 265 So.2d 543 (Fla. 4th DCA 1972).
Second, unlike Mullis v. State Farm Mutual Automobile Insurance Co., 252 So.2d 229 (Fla. 1971), upon which France relies, she is not an insured within the terms of Liberty Mutual's policy inasmuch as she owned an automobile and was not a "relative" within the definition of the policy.
Last, it is clear that France is requesting that we broaden the existing public policy and on that basis to declare void that clause of the subject policy excluding her from the definition of an insured under the uninsured motorist coverage provision. Courts should be extremely cautious when called upon to declare a contract or provision thereof void on the ground of public policy. See 11 Fla.Jur.2d Contracts § 88 (1979). Justice Terrell in Story v. First Nat. Bank & Trust Co., in Orlando, 115 Fla. 436, 439, 156 So. 101, 103 (1934), described public policy as "a very unruly horse, and, when once you get astride it, you never know where it will carry you". In the absence of statutory provisions to the contrary, insurers have the right to limit their liability and to impose such conditions as they wish upon their obligations, not inconsistent with public policy and the courts are without the right to add to or take away anything from their contracts. Zipperer v. State Farm Mut. Auto. Ins. Co., 254 F.2d 853 (5th Cir.1958). As concerns the uninsured motorist statute, the public policy of this state is that every insured within the definition of that term as defined in the policy is entitled to recover under the uninsured motorist provision of the policy (up to the limits thereof) for the damages he or she would have been able to recover against the offending motorist if that motorist had maintained a policy of liability insurance. Davis v. U.S. Fidelity & Guaranty Co. of Baltimore, Md., 172 So.2d 485, 486 (Fla. 1st DCA 1965). We decline to extend the public policy as France urges so as to allow a member of a family to purchase one liability policy and claim total coverage thereunder for the entire family while vastly increasing the risk to his or her insurer by knowingly owning and operating a fleet of uninsured vehicles upon the highways. See Liberty Mutual Fire Insurance Company v. Kessler, 232 So.2d 213 (Fla. 3d DCA 1970), supra.
Accordingly, the dismissal herein appealed is affirmed.
Affirmed.
NOTES
[1] Insured Under the Uninsured Motorists Coverage, the following are insureds: "(a) The named insured and any relative. "Definitions
* * * * * *
`relative' means a person related to the named insured by blood, marriage or adoption who is a resident of the same household, provided neither such relative nor his spouse owns a private passenger automobile;"