466 So.2d 242 (1984)
AUTO-OWNERS INSURANCE COMPANY, Appellant,
v.
Donald L. Bennett, As Personal Representative of the Estate of Richard Gary Bennett, Deceased, Appellee.
No. 83-2249.
District Court of Appeal of Florida, Second District.
December 12, 1984.
Michael S. Rywant of Prugh & Rywant, Tampa, for appellant.
Armin H. Smith, Jr., of Gibbons, Tucker, Smith, Miller, Whatley & Stein, P.A., Tampa, for appellee.
LEHAN, Judge.
An insurance company, defendant below, appeals from a summary final judgment and declaratory judgment in favor of a father, plaintiff below, which upheld the father's claim to uninsured motorist coverage under the father's policy for the death of his son. The son was killed in an automobile accident while riding in a vehicle *243 owned by a third party whose bodily injury liability benefits were limited to $10,000. The policy provided that uninsured motorist coverage applied to underinsured motorist situations. We affirm.
There are three especially pertinent provisions in the father's automobile insurance policy. Two involve basic liability coverage, and one involves uninsured motorist coverage. One of the provisions involving basic liability coverage and the provision involving uninsured motorist coverage state that those coverages are to apply to relatives living with the father who do not own an automobile. Those provisions, respectively, read as follows:
[1] Other Automobiles Covered. The Liability Coverage provided for your automobile also applies to certain other automobiles:
... .
2. It applies to any automobile not owned by you or furnished or available for your regular use and not owned by, or furnished or available for regular use to, anyone living with you... . We extend it only to you and to relatives living with you who do not own an automobile.
[2] Uninsured Motorist Coverage.
... .
If you are an individual, we extend this coverage. We will pay bodily injury damages which you are legally entitled to recover from the owner or driver of any uninsured motor vehicle. We give the same protection to any relative living with you who does not own a car.
In this case the son lived with the father but did own an automobile. The son's automobile was insured with another insurance company.
In contrast, the other policy provision as to basic liability coverage does not limit its coverage to relatives living with the father who do not own an automobile. That other provision reads as follows:
Liability Coverage for Bodily Injury and Property Damage. We will pay damages for bodily injury and damage to tangible property for which you become legally responsible and which involve your automobile. We will pay such damages on your behalf [and] on behalf of any relative who lives with you. .. .
The policy defined the term "relative" as "a person related to the named insured by blood, marriage or adoption (including a ward or foster child) who is a resident of the same household as the named insured."
Our analysis begins with two basic principles derived from Mullis v. State Farm Mutual Automobile Insurance Co., 252 So.2d 229 (Fla. 1971). First, uninsured motorist coverage is statutorily required to be provided for all persons who are insured under a policy for basic liability coverage. (That principle from Mullis was derived from section 627.0851, Florida Statutes (1967), which provided for uninsured motorist coverage. That statute was renumbered as section 627.727, Florida Statutes (1981), which was in effect at the relevant times here. The statute dealt with by Mullis, as well as the corresponding statute in the present case, provided for uninsured motorist coverage "for the protection of persons insured" under an automobile liability policy. 252 So.2d at 232.) Second, exclusions from uninsured motorist coverage which is required under the foregoing first principle are legally impermissible.
Insurors ... are not permitted by law to insert provisions ... that exclude or reduce the liability coverage prescribed by law for the class of persons insured thereunder who are legally entitled to recover damages ... because of bodily injury.
Id. at 234 (emphasis original). See also Curtin v. State Farm Mutual Automobile Insurance Co., 449 So.2d 293 (Fla. 5th DCA 1984); Lee v. State Farm Mutual Automobile Insurance Co., 339 So.2d 670 (Fla. 2d DCA 1976); Johns v. Liberty Mutual Fire Insurance Co., 337 So.2d 830 (Fla. 2d DCA 1976), cert. denied, 348 So.2d 949 (Fla. 1977); First National Insurance Company of America v. Devine, 211 So.2d 587 (Fla. 2d DCA 1968).
*244 Therefore, although in the case at hand the son was excluded by the policy language from uninsured motorist coverage because he owned an automobile, the fundamental question actually is whether the son was entitled to basic liability coverage. If so, he was entitled to uninsured motorist coverage, and the uninsured motorist coverage exclusion was invalid. If not, he was not entitled to uninsured motorist coverage, and the uninsured motorist coverage exclusion is surplusage.
Accordingly, in deciding the uninsured motorist coverage issue before us we must deal with the policy provisions concerning basic liability coverage.
The two above quoted basic liability provisions are not consistent as to whether the son was covered. Under the language of the first quoted provision, the son was not covered because he owned an automobile. Under the language of the second quoted provision, he was covered because he was a relative who lived with the father, and there is no limitation of coverage based upon his ownership of an automobile. That first quoted provision concerned basic liability coverage for automobiles not owned by the father. The second quoted provision concerns such coverage for automobiles owned by the father. Mullis contains language which directs that the second quoted provision should apply in this case so as to determine whether the son was afforded basic liability coverage under the policy and, accordingly whether uninsured motorist coverage for the son was required under the first of the foregoing principles:
"[P]ersons insured" thereunder in an automobile liability insurance policy ... are protected by the policy from liability to others due to injuries they inflict by their negligent operation of the insured owner's automobile. Reciprocally, this same class of insureds is protected by uninsured motorist coverage....
... .
Uninsured motorist coverage ... is intended ... to protect the described insureds ... "who are legally entitled to recover damages, namely those from owners or operators of uninsured motor vehicles because of bodily injury" and is not to be "whittled away" by exclusions and exceptions.
Mullis, 252 So.2d at 232-33.
Under the foregoing basic liability coverage provision governing injuries inflicted from the negligent operation of the insured owner's, i.e., the father's, automobile, the son would have been covered. Therefore, the son was entitled to uninsured motorist coverage under the policy. The fact that, under the policy provisions, the son would not have been entitled to coverage for liability from an automobile other than an automobile owned by the father is of no moment.
[A]utomobile liability insurance coverage ... cannot be narrowed by the insurer ... through exclusions contrary to the law.
... .
Whenever bodily injury is inflicted upon [a] named insured or insured members of his family by the negligence of an uninsured motorist, under whatever conditions, locations, or circumstances, any of such insureds happen to be in at the time, they are covered by uninsured motorist liability insurance. .. .
Mullis, 252 So.2d at 232-33.
Appellant argues that the reasoning of France v. Liberty Mutual Insurance Co., 380 So.2d 1155 (Fla. 3d DCA 1980), which held that a father's policy did not provide uninsured motorist coverage to his daughter is applicable. We agree with the validity of the France reasoning but believe that France is factually not in point. In France the daughter was not covered by basic liability insurance under the father's policy because, inter alia, the daughter owned an automobile and she was therefore not an "insured within the definition of that term as defined in the policy." Id. at 1156 (emphasis original). (The daughter was also not included within uninsured motorist coverage for the same reason.) On the other hand, as explained above, in the case at hand the son was covered by the father's relevant basic liability *245 insurance coverage. Sembric v. Allstate Insurance Co., 434 So.2d 963 (Fla. 4th DCA 1983) and Gilligan v. Liberty Mutual Insurance Co., 265 So.2d 543 (Fla. 4th DCA 1972) are similarly distinguishable from the case at hand.
It may be argued that abstract fairness would require a conclusion different from that which we reach. The son owned his own automobile and had his own insurance coverage on that automobile. Our conclusion would seem to provide uninsured motorist coverage to the son under two policies. However, the dictates of Mullis control.
Affirmed.
RYDER, C.J., and CAMPBELL, J., concur.