468 So.2d 498 (1985)
AUTO-OWNERS INSURANCE COMPANY, Appellant,
v.
Winona Kay Kemp QUEEN, Etc., Appellee.
No. 84-1345.
District Court of Appeal of Florida, Fifth District.
May 9, 1985.
R. Franklin Ritch, of Ritch & Graves, P.A., Gainesville, for appellant.
John H. Piccin, of Piccin, Atkins, Krehl & Forman, Ocala, for appellee.
*499 ORFINGER, Judge.
The defendant insurance company appeals from a final judgment declaring it to be liable under the uninsured motorist provision of its insurance policy.
The decedent, Cindy L. Kemp, was killed while a passenger in the automobile of Marjorie L. Carlton. Appellee, as personal representative of her daughter's estate, settled with Carlton's insurance carrier for the limits of that policy, and then sought uninsured motorist coverage from her own carrier, Auto-Owners. The policy provisions presented to the trial court for interpretation are identical to those discussed in Auto-Owners Insurance Company v. Bennett, 466 So.2d 242 (Fla. 2d DCA 1984), on rehearing, and agreeing with the reasoning of that case, we affirm the judgment below.
Cindy lived at home with her mother, Winona Kay Kemp Queen. Winona owned two automobiles, both of which were insured by Auto-Owners. In addition to liability coverage, each automobile was covered for $15,000 in uninsured motorist coverage. It is undisputed that Cindy was a "relative" of and a resident in the same household as her mother. It is also undisputed that Cindy owned an automobile in her own name and had a separate policy of insurance on that automobile, also issued by Auto-Owners.
As in Bennett, Cindy was covered by basic liability coverage under her mother's policy, which extended that protection to "... any relative who lives with you." Nothing in the policy limits this coverage only to relatives who do not own a car. On the other hand, the uninsured motorist coverage of Winona's policy extends that protection to "... any relative living with you who does not own a car."
In Mullis v. State Farm Mutual Automobile Insurance Company, 252 So.2d 229 (Fla. 1971), the court said:
In sum, our holding is that uninsured motorist coverage prescribed by Section 627.0851 is statutorily intended to provide the reciprocal or mutual equivalent of automobile liability coverage prescribed by the Financial Responsibility Law, i.e., to say coverage where an uninsured motorist negligently inflicts bodily injury or death upon a named insured, or any of his family relatives resident in his household, or any lawful occupants of the insured automobile covered in his automobile liability policy. To achieve this purpose, no policy exclusions contrary to the statute of any of the class of family insureds are permissible... .
Id. at 237, 238.
Because Cindy was entitled to basic liability coverage as a relative and resident of her mother's household, she was also entitled to the protection of the uninsured motorist coverage afforded by that policy, and any attempt to limit the latter by a restrictive provision not legally applicable to the liability coverage is invalid. Bennett. We agree with Bennett that France v. Liberty Mutual Insurance Company, 380 So.2d 1155 (Fla. 3d DCA 1980) is distinguishable on its facts. In France, the daughter was not an insured for basic liability coverage under the terms of her father's policy, so there was no conflict between the basic liability coverage and the uninsured motorist coverage which also excluded her.
AFFIRMED.
COBB, C.J., and COWART, J., concur.