CAMPBELL, Judge.
This appeal presents the question of whether appellant’s deceased daughter was entitled to uninsured motorist protection under appellant’s automobile insurance policy which was issued by appellee. The court below ruled in favor of appellee and held that coverage did not exist. We reverse.
Appellant’s daughter, Margaret Incardo-na, was killed in an automobile accident that was caused solely by the negligence of an uninsured third-party driver. At the time of the accident, Margaret was driving her own automobile which was separately insured under another automobile insurance policy issued by appellee. The accident did not involve any vehicles insured under appellant’s policy. Margaret was a resident of appellant’s household at the time of the accident.
Both parties moved for summary judgment. The facts are not in dispute. The *514 sole question involved is whether Margaret was precluded from uninsured motorist coverage under appellant’s policy since she owned a separately insured vehicle which she was driving at the time of the accident. We conclude that this case is directly on point with Auto-Owners Insurance Co. v. Bennett, 466 So.2d 242 (Fla. 2d DCA 1984), and is indistinguishable from Auto-Owners Insurance Co. v. Queen, 468 So.2d 498 (Fla. 5th DCA 1985), both of which rely upon Mullis v. State Farm Mutual Automobile Insurance Co., 252 So.2d 229 (Fla.1971). The Liability Coverage for Bodily Injury and Property Damage clause in the policy in issue provides:
We will pay damages for bodily injury and damage to tangible property for which you become legally responsible and which involve your automobile. We will pay such damages on your behalf, on behalf of any relative who lives with you or on behalf of any person using your automobile with your permission. And we will pay such damages on behalf of any other person who is legally responsible for the use of your automobile when used by or with your permission. (Emphasis supplied.)
We held in regard to identical language in Bennett that a son who owned a separately insured automobile and lived with his father was entitled to uninsured motorist coverage under the father’s policy. We reached that conclusion because the emphasized language above afforded the son basic liability coverage under the father’s policy regardless of the fact that other provisions, including the uninsured motorist coverage clause, excluded the son because he owned an automobile. We recognized that Mullís construed what is now section 627.-727, Florida Statutes (1985), to mandate uninsured motorist coverage for all persons who are insured under a policy for basic liability coverage. Therefore, inasmuch as Margaret Incardona was insured as a relative residing with appellant under the basic liability coverage clause quoted above, uninsured motorist coverage was a statutory requirement which could not be excluded by the policy terms.
Reversed and remanded.
DANAHY, C.J., and HALL, J., concur.