495 So.2d 892 (1986)
DAIRYLAND INSURANCE COMPANY, Appellant,
v.
Pauline KRIZ, Appellee.
No. BK-450.
District Court of Appeal of Florida, First District.
October 13, 1986.
Rehearing Dismissed October 27, 1986.
Lora A. Dunlap of Fisher, Rushmer, Werrenrath, Keiner, Wack & Dickson, Orlando, for appellant.
David R. Lewis, of Lewis, Paul, Isaac & Castillo, Jacksonville, for appellee.
BARFIELD, Judge.
Dairyland Insurance Company (Dairyland) appeals an award of uninsured motorist benefits to the mother of the named insured under a policy which by its terms extends neither liability nor uninsured motorist coverage to a resident relative of the named insured who owns a car. We reverse.
Appellee, who resided with her son (the named insured under the Dairyland policy) was injured in an automobile accident while a passenger in a car operated by a third person. At the time of the accident, appellee owned an automobile (not involved in this accident) which was not insured under the Dairyland policy issued to her son.
The "plain talk" policy in question provided, among other things, liability and uninsured motorist coverage, defining the insured as:
You, your, yourself means the person named on the declarations page and that person's husband or wife if a resident of the same household.
You, your, yourself also means a member of the family who is a resident of the household and who doesn't own a car.
By amendatory endorsement, the policy provided personal injury protection (PIP) coverage to the named insured or any dependent relative involved in a motor vehicle accident. The parties agree that appellee was covered under the latter provision. They disagree as to whether appellee was covered under the uninsured motorist provision.
The fundamental question in this type of case is whether the resident relative is entitled *893 to basic liability coverage. If so, he is entitled to the uninsured motorist coverage; if not, he is not an "insured" within the definition of the policy, and is therefore not entitled to uninsured motorist benefits. Auto-Owners Insurance Company v. Queen, 468 So.2d 498 (Fla. 5th DCA 1985); Auto Owners-Insurance Company v. Bennett, 466 So.2d 242 (Fla. 2d DCA 1984).
In the instant case, the plain language of the insurance policy expressly extends liability coverage only to those resident relatives who do not own a car. The policy therefore does not provide liability coverage or uninsured motorist coverage to appellee, who owns a car. The court rejected a similar claim for uninsured motorist benefits in France v. Liberty Mutual Insurance Company, 380 So.2d 1155 (Fla. 3d DCA 1980).
Because appellee was not provided liability coverage under the Dairyland policy, Dairyland was not required to, and did not, provide uninsured motorist coverage to her under its policy with her son. The fact that she was covered under the PIP provision is irrelevant to the issue of her entitlement to uninsured motorist benefits. Salladeii v. Colonial Insurance Company of California, 465 So.2d 1307 (Fla. 1st DCA 1985). The judgment awarding uninsured motorist benefits is REVERSED.
ERVIN and WIGGINTON, JJ., concur.