503 So.2d 908 (1987)
Wallace S. LEWIS and Patricia Lewis, Appellants,
v.
CINCINNATI INSURANCE COMPANY, Appellee.
No. 85-1679.
District Court of Appeal of Florida, Fifth District.
January 8, 1987.
Rehearing Denied March 9, 1987.
Larry Mark Polsky, Daytona Beach, for appellants.
Delia A. Doyle, John N. Bogdanoff and Terrence E. Kehoe, of Hass, Boehm, Brown, Rigdon, Seacrest & Fischer, P.A., Daytona Beach, for appellee.
SHARP, Judge.
The Lewises appeal from a final summary judgment denying Wallace Lewis uninsured motorist coverage under a policy issued by Cincinnati Insurance Company on August 2, 1984.[1] The issue in this case is whether or not a relative residing in an insured's household can be excluded from *909 coverage by a provision in the policy which denies uninsured motorist coverage for his bodily injury
1. While occupying, ... any motor vehicle ... of any type owned by you or any family member which is not insured for this coverage under this policy.
We reverse.
The record in this case establishes that Wallace Lewis was injured in an accident while driving his own Jeep Renegade by an uninsured/underinsured motorist. He had uninsured motorist coverage on two vehicles owned by himself and his wife, but because of the extent of his injuries, he sought additional coverage under Cincinnati's policy, which was issued to his son and daughter-in-law. Cincinnati's policy specifically covered two other vehicles owned by the junior Lewises. They lived with the senior Lewises and were mutually resident relatives or family members. The accident occurred on October 19, 1984.
Under Cincinnati's insurance policy, the senior Lewises were covered for liability as being "family members" of the named insured. Part A 1. provides:

covered person as used in this Part means: 1. you or any family member for the ownership, maintenance, or use of any auto... .
However, a subsequent provision excluded them from liability coverage while driving their own automobile. That provision provides:
We do not provide liability coverage: 10. For the ownership, maintenance or use of any vehicle, other than your covered auto, which is owned by or furnished or available for the regular use of any family member... .
Presumably, the senior Lewises would have had liability coverage under this policy if they had been driving one of the junior Lewises automobiles, or one owned by a third person.
The Cincinnati uninsured motorist coverage is similarly worded. "Family members" are covered for their bodily injuries unless injured while occupying or struck by a vehicle owned either by the named insured or any family member, which is not insured for coverage under the policy. If Wallace Lewis had been injured in his son's car, or in a car owned by a third person, he would have been covered. However, since he was driving his own car when struck by the uninsured motorist, the policy excluded uninsured motorist coverage.
As analyzed succinctly in Auto-Owners Insurance Company v. Bennett, 466 So.2d 242 (Fla. 2d DCA 1984), the basic issue in such cases is whether the family member is entitled to "basic liability coverage" under the insurance policy involved. In Bennett, like this case, the family member was covered for liability while driving a car owned by his father, which was scheduled in the policy; although he was excluded from liability as well as uninsured motorist coverage when driving or in an automobile not owned by the insured. Bennett held that the first provision was controlling in determining whether or not the family member had basic liability coverage, and therefore under Mullis v. State Farm Mutual Automobile Insurance Company, 252 So.2d 229 (Fla. 1971), it was not permissible for the insurance company to restrict or limit uninsured motorist coverage.
Mullis held that a family member who was covered under the liability portion of the policy could not be restricted or limited in the policy's uninsured motorist coverage to injury occurring in certain vehicles. In Mullis, the exclusion sought to deny uninsured motorist coverage to a resident relative of an insured, while occupying a vehicle owned by the relative or the insured, which was not insured under the policy. The court held that the exclusion was invalid under this state's public policy. If resident relatives are covered under the liability provisions, they must be covered by the uninsured motorist section.
They may be pedestrians at the time of such injury, they may be riding in a motor vehicle of others or in public conveyances and they may occupy motor vehicles (including Honda motorcycles) owned by but which are not `insured automobiles' of named insured.
*910 Id. at 233. Mullis is apparently still the controlling authority in this state, despite recent and interim statutory changes and rewording.[2]
Recently in Auto-Owners Insurance Company v. Queen, 468 So.2d 498 (Fla. 5th DCA 1985), we followed Bennett and Mullis. Although the provisions of the policy in Queen were not quoted in the opinion, we said they were "identical" with those in Bennett. In Queen, a resident daughter was covered under the basic liability part of her mother's automobile policy, but the insurance company tried to exclude uninsured motorist coverage for resident relatives who own a car. We held this exclusion was impermissible and void under Mullis.
France v. Liberty Mutual Insurance Company, 380 So.2d 1155 (Fla. 3rd DCA 1980) and Southeast Title and Insurance Company v. Thompson, 231 So.2d 201 (Fla. 1970) are distinguishable from this case because in both, the resident relative who sought uninsured motorist coverage was excluded from liability coverage by the terms of the particular policy. Although section 627.727(1) does not establish a mandatory scope of coverage, uninsured motorist coverage must be extended to family members if they are included in the basic liability coverage provisions of the policy. They cannot be restricted to a special class of vehicles.[3]
For the reasons stated, the final judgment appealed is reversed and this case is remanded for further proceedings.
REVERSED AND REMANDED.
UPCHURCH, C.J., concurs.
ORFINGER, J., concurs with opinion.
ORFINGER, Judge, concurring.
I concur. The cases which decide when uninsured motorist coverage must be provided appear to reach different conclusions based on similar facts, but a close reading of the cases and the specific policy provisions involved show that the results can be reconciled. For example, in Auto-Owners Insurance Company v. Bennett, 466 So.2d 242 (Fla. 2d DCA 1984), and in Auto-Owners Insurance Company v. Queen, 468 So.2d 498 (Fla. 5th DCA 1985), family members of the insured were covered persons for basic liability purposes while driving the insured vehicle, even if they owned their own automobile. Thus it was held in those cases that under the dictates of Mullis v. State Farm Automobile Insurance Company, 252 So.2d 229 (Fla. 1971) the insurance company could not exclude those family members from uninsured motorist coverage as the policy attempted to do. In Dairyland Insurance Company v. Kriz, 495 So.2d 892 (Fla. 1st DCA 1986) and in France v. Liberty Mutual Insurance Company, 380 So.2d 1155 (Fla. 3d DCA 1980) the insurance policies excluded from the definition of insured (for liability and uninsured motorist coverage) any family member who owned a car. Thus, by definition, any family member other than the named insured, who owned a car was not an insured for either liability or uninsured motorist coverage, no matter which car he was driving. As pointed out by Judge Sharp, in this case family members were included in the definition of insureds, or "covered persons," and only when they were driving a vehicle owned by themselves was there a limitation of liability coverage. This is quite different from Dairyland and France, where the family members who owned a car had no liability coverage at all.
NOTES
[1] Because of the date the policy was issued, we do not need to consider what, if any, impact the 1984 amendment to the uninsured motorist statute section 627.727 might have on this case. That section expressly provides it applies only to insurance policies issued or renewed on or after October 1, 1984.
[2] See Automobile Ins. Co. of Hartford v. Beem, 469 So.2d 138 (Fla. 3rd DCA 1985).
[3] Cf. Curtin v. State Farm Mut. Auto. Ins. Co., 449 So.2d 293 (Fla. 5th DCA 1984).