543 So.2d 1320 (1989)
GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant,
v.
Debra WRIGHT, Appellee.
No. 88-1311.
District Court of Appeal of Florida, Fourth District.
June 7, 1989.
H.R. Brennan of Moss, Henderson & Lloyd, P.A., Vero Beach, for appellant.
Paul A. Gamba of Paul A. Gamba, P.A., Palm City, for appellee.
*1321 DOWNEY, Judge.
Appellant, Government Employees Insurance Company (GEICO), appeals from a summary final judgment in favor of appellee, Debra Wright, determining that she was entitled to uninsured motorist coverage.
Debra Wright owned a 1980 Buick automobile that was covered by another insurance company for personal injury protection benefits but not for UM coverage. Wright was married and she and her husband and son resided with Wright's parents, Mr. and Mrs. Hull. Hull owned an automobile that was insured by GEICO for liability and UM coverage.
While driving her Buick, Wright was injured in an accident with an uninsured motorist. She filed a complaint against GEICO for declaratory relief, claiming UM coverage under her father's policy, wherein he is the named insured. Additionally, the policy provides:
PERSONS INSURED
Who Is Covered
Section I applies to the following as insureds with regard to an owned auto:
1. you and your relatives;
2. any other person using the auto with your permission. The actual use must be within the scope of that permission;
3. any other person or organization for his or its liability because of acts or omissions of an insured under 1 or 2 above.
Section I applies to the following with regard to a non-owned auto:
1. you and your relatives when using a private passenger auto or trailer. Such use must be with the permission, or reasonably believed to be with the permission, of the owner and within the scope of that permission;
2. a person or organization, not owning or hiring the auto, regarding his or its liability because of acts or omissions of an insured under 1 above.
The limits of liability stated in the declarations are our maximum obligations regardless of the number of insureds involved in the occurrence.
An "owned" auto is defined in the policy as the vehicle named in the policy (Mr. Hull's automobile); a "non-owned" auto is defined as an auto not owned by Hull or his relatives. Finally, the policy contains a specific exclusion, which states: "Bodily injury to an insured while occupying or through being struck by an underinsured or uninsured auto owned by an insured or a relative is not covered."
The trial judge granted summary judgment in favor of Wright, finding that there was no genuine issue of material fact. Relying upon the reasoning in Incardona v. Auto-Owners Insurance Co., 494 So.2d 513 (Fla. 2d DCA 1986), rev. denied, 503 So.2d 326 (Fla. 1987), the trial court found, as a matter of law, that Hull's UM coverage extended to Wright for this accident because she was a resident in her father's home.
GEICO contends on appeal that the trial court erred and that Incardona does not control this case because Wright is not covered for liability insurance under her father's policy since she was injured while driving her own automobile, which is neither an "owned" nor a "non-owned" automobile as defined in the GEICO policy. Since Wright is not covered under the liability provisions of Hull's policy, the limitations on policy restrictions for UM coverage contained in Mullis v. State Farm Mutual Automobile Insurance Co., 252 So.2d 229 (Fla. 1971), are not applicable and the quoted exclusion in Hull's policy is enforceable.
Wright contends that, as a resident relative in the Hull household, she was entitled to liability coverage under the Hull policy and thus to UM coverage. If the premise regarding liability coverage were correct, we could agree with Wright. However, that premise is erroneous because the liability provisions of the policy expressly excluded Wright in these circumstances because she was not injured in an "owned" or "non-owned" vehicle. Contrary to Wright's contention that Mullis prevents application of the exclusion present here, simply because Wright was a resident relative and, as such, would have had coverage *1322 under the Hull policy, we hold Mullis to be inapposite. Whereas Wright would have been covered had she been injured while riding in Hull's automobile, the policy of insurance did not extend to all manner of unknown automobiles owned by Hull's relatives. Were it otherwise, the insurer could never determine its exposure in order to arrive at the appropriate premium to charge for Hull's policy.
In Bolin v. Massachusetts Bay Insurance Co., 518 So.2d 393 (Fla. 2d DCA 1987), the Second District decided a case factually similar to this case and held that, because the resident relative injured in his own car was not covered by the insurer's policy, UM benefits were not available to him. The policy only extended coverage to resident relatives injured in "owned" or "non-owned" automobiles. The Bolin court is the same court that decided Incardona, relied on by the trial court herein, yet the decision in Bolin, while mentioning Incardona, denied coverage obviously because the policy in Bolin did not provide basic liability coverage as did the Incardona policy. See also Dairyland Insurance Co. v. Kriz, 495 So.2d 892 (Fla. 1st DCA 1986), rev. denied, 504 So.2d 767 (Fla. 1987); France v. Liberty Mutual Insurance Co., 380 So.2d 1155 (Fla. 3d DCA 1980).
In conclusion, we recognize and honor the long-standing rule set out in Mullis that UM coverage must be provided for persons covered under the basic liability section of an automobile insurance policy. However, as here, when the claimant is not an insured under the basic liability section of the policy, the insurer is not restricted by the rule in Mullis regarding the furnishing of UM coverage to resident relatives injured in automobiles owned by them:
Accordingly, the judgment appealed from is reversed.
GLICKSTEIN and SNYDER, ARTHUR I., Associate Judge, concur.