551 So.2d 549 (1989)
STATE FARM FIRE & CASUALTY COMPANY, Appellant,
v.
Nandor POLGAR and Aranka Polgar, His Wife, Appellees.
No. 88-0435.
District Court of Appeal of Florida, Fourth District.
September 27, 1989.
Rehearing Denied November 22, 1989.
*550 Richard A. Sherman and Rosemary Wilder of Richard A. Sherman, P.A., Fort Lauderdale, for appellant.
Joel D. Eaton of Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin, P.A., Miami, and Abrams, Anton, Robbins, Resnick & Schneider, P.A., Hollywood, for appellees.
PER CURIAM.
Affirmed. The appellant was required to offer uninsured motorist protection because the "hired automobile liability endorsement" to the business policy in question provided motor vehicle liability protection to the named insureds under the terms of the endorsement. Ellsworth v. Ins. Co. of North America, 508 So.2d 395 (Fla. 1st DCA 1987); section 627.727(1), Florida Statutes (1983).[1] Since appellee was a named insured under the policy, he is a Class I insured pursuant to Mullis v. State Farm Mutual Auto. Ins. Co., 252 So.2d 229 (Fla. 1971) and is entitled to uninsured motorist protection insurance under the motor vehicle policy whenever and wherever bodily injury is inflicted upon him by a negligent uninsured motorist. This is so even though the automobile appellee occupied at the time of his injuries was not insured under the automobile liability endorsement to this business policy and would have afforded no liability coverage to appellee had he been the negligent party. See Mullis, 252 So.2d at 233-234. Lewis v. Cincinnati Ins. Company, 503 So.2d 908 (Fla. 5th DCA 1987); Auto Owners Ins. Co. v. Bennett, 466 So.2d 242 (Fla. 2nd DCA 1984). State Farm's contention that Mr. Polgar, although a named insured, is not insured individually because he was a partner and partners are excluded from coverage is unavailing, even if the business is considered a partnership. The policy lists the named insured as "Nandor or Aranka Polgar DBA Inter Beauty Hair Studio." Where a policy lists both the partners and the name of the partnership entity the policy must be read to cover the named partners as individuals as well as the partners as an entity. Ohio Casualty Ins. Co. v. Fike, 304 So.2d 136 (Fla. 4th DCA 1974). At most the inclusion of Mr. Polgar as a named insured in one part of the policy and the potential exclusion of him because he may be a "partner" using his own automobile in another section creates an ambiguity which must be resolved in favor of the insured. See Hartnett v. Southern Ins. Co., 181 So.2d 524, 528 (Fla. 1965); Ohio Casualty Ins. Co., 304 So.2d 136, n. 2. We also distinguish Government Employees Ins. Co. v. Wright, 543 So.2d 1320 (Fla. 4th DCA 1989) on the ground that in Government Employees Ins. Co. the person claiming UM benefits fell outside the definition of insured under the policy. That is not the case with this policy.
DOWNEY and WARNER, JJ., and WESSEL, JOHN D., Associate Judge, concur.
NOTES
[1] The policy in question was issued prior to the 1984 amendment of section 627.727(1), Florida Statutes.