601 So.2d 572 (1992)
Steven WELKER, Appellant,
v.
WORLD WIDE UNDERWRITERS INSURANCE COMPANY a/k/a, f/k/a Wausau Insurance Company, Appellee.
No. 91-2395.
District Court of Appeal of Florida, Fourth District.
May 13, 1992.
Rehearing, Rehearing and Certification Denied August 14, 1992.
Susan S. Lerner of Preddy, Kutner, Hardy, Rubinoff, Thompson, Bissett & Bush, Miami, for appellant.
Edward D. Schuster of Pyszka, Kessler, Massey, Weldon, Catri, Holton & Douberley, P.A., Fort Lauderdale, for appellee.
Rehearing, Rehearing En Banc and Certification Denied August 14, 1992.
PER CURIAM.
We reverse the final judgment entered in favor of appellee (World Wide) and remand with direction to enter an order determining coverage to exist in favor of appellant (Welker).
The issue is whether Welker was entitled to basic liability coverage under the automobile policy as a resident family member such that he was also entitled to the protection of uninsured motorist coverage afforded by the policy. We conclude that he was.
Welker brought suit against World Wide alleging that he was entitled to uninsured motorist coverage under an automobile insurance policy issued to his mother, having been injured in an accident caused by an "unknown motorist." Welker was residing with his mother at the time of the accident, and asserted that the instant policy provided liability, medical payments, and uninsured motorist coverage to "resident family members." World Wide answered the complaint, alleged that Welker was excluded from coverage under the policy, and ultimately obtained summary final judgment.
The crux of World Wide's successful argument to the trial court was that although Welker may have been a resident relative of the named insured at the time of his accident, both the liability and uninsured motorist portions of the policy failed to provide coverage for Welker.
With regard to liability coverage, the instant policy provides as follows:
PART A  LIABILITY COVERAGE INSURING AGREEMENT
We will pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident... .
"Covered person" as used in this Part means:

*573 1. You or any family member for the ownership, maintenance or use of any auto or trailer.
The policy defines the term "family member" as "a person related to you by blood, marriage or adoption who is a resident of your household." Under the section entitled "EXCLUSIONS," the policy further provides:
B. We do not provide Liability Coverage for the ownership, maintenance, or use of:
... .
3. Any vehicle other than your covered auto, which is:
a. owned by any family member; or
b. furnished or available for the use of any family member.
The policy contains a similar exclusion under the section governing uninsured motorist coverage. According to the terms of the policy, uninsured motorist coverage is not provided for bodily injury sustained by any person "[w]hile occupying, or when struck by, any motor vehicle owned by [the named insured] or any family member which is not insured for this coverage under this policy." Welker maintains that because the policy defines resident family members as "insureds," the exclusions set forth above cannot limit his entitlement to uninsured motorist coverage. We agree.
This court has not been faced with a case involving uninsured motorist coverage to a resident family member under a policy containing identical language to the instant policy. Our two decisions upon which World Wide relies are distinguishable. In South Carolina v. Heuer, 402 So.2d 480 (Fla. 4th DCA 1981), rev. denied, 412 So.2d 465 (Fla. 1982), this court interpreted identical policy language and denied liability coverage to the daughter of a named insured.
The Heuer case did not, as Welker asserts, involve uninsured motorist coverage. While Heuer noted that even named insureds may be specifically excluded from coverage, this court recently has held that named insureds cannot be excluded from uninsured motorist coverage. See State Farm Fire & Cas. Co. v. Polgar, 551 So.2d 549 (Fla. 4th DCA 1989).
World Wide's reliance on this court's decision in Government Employees Insurance Co. v. Wright, 543 So.2d 1320 (Fla. 4th DCA), rev. denied, 551 So.2d 464 (Fla. 1989), is also misplaced.
Wright can be reconciled with Mullis v. State Farm Automobile Insurance Co., 252 So.2d 229 (Fla. 1971), Auto-Owners Insurance Co. v. Bennett, 466 So.2d 242 (Fla. 2d DCA 1984), and Lewis v. Cincinnati Insurance Co., 503 So.2d 908 (Fla. 5th DCA), rev. denied, 511 So.2d 297 (Fla. 1987). In the latter two cases, the courts focused on those persons who were termed in Mullis as "class one insureds." In Mullis, as in Bennett, Lewis, and the instant case, the policies contained broad language indicating the that the insurer would pay all damages for bodily injury and property damage for which the insured or his resident relatives became legally responsible because of an automobile accident. The Bennett court focused its analysis on this all-inclusive language and read Mullis to hold that all such persons automatically become class one insureds and therefore must be afforded uninsured motorist coverage. As this court stated in Polgar, 551 So.2d at 550, a class one insured "is entitled to uninsured motorist protection insurance under the motor vehicle policy whenever and wherever bodily injury is inflicted upon him by a negligent uninsured motorist."
The policies at issue in Wright and Bolin v. Massachusetts Bay Insurance Co., 518 So.2d 393 (Fla. 2d DCA 1987), a case cited in Wright as "factually similar," contained no such similar language. Those insurance policies merely divided their "person's insured" sections into "owned" and "nonowned" automobiles and contained no blanket inclusion extending basic liability coverage to all resident family members. Therefore, under those policies, the resident family members were not class one insureds and need not be afforded uninsured motorist coverage if they were excluded by the liability coverage provisions. Once the insurance company provides basic liability *574 coverage to all resident family members, it cannot, in a later section, restrict that coverage and thereby deny the insured's family members uninsured motorist coverage while those persons are driving in vehicles they own or vehicles owned by third parties. This distinction helps explain why this court in Polgar cited Bennett and Lewis with approval and distinguished Wright due to the differences in policy language. It further explains how both Bennett and Bolin could be issued by the same court.
When an insurance company purports to provide basic liability coverage to the named insured and the insured's relatives, it cannot later exclude those relatives from uninsured motorist coverage. When the policy contains no such blanket inclusion, as in Wright and Bolin, resident family members can be excluded from coverage. The burden is squarely on the insurance companies to draft their automobile policies so as not to run afoul of Mullis, which has been the law of this state for over twenty years. In purporting to provide basic liability coverage to Welker's mother and all resident family members, World Wide could not, in a later section, restrict both liability and uninsured motorist coverage.
GLICKSTEIN, C.J., and GUNTHER, J., and SALMON, MICHAEL H., Associate Judge, concur.