518 So.2d 393 (1987)
James BOLIN and wife, Diann Bolin, Appellants/Cross-Appellees,
v.
MASSACHUSETTS BAY INSURANCE COMPANY, Appellee/Cross-Appellant.
No. 87-638.
District Court of Appeal of Florida, Second District.
December 30, 1987.
As Amended February 3, 1988.
*394 Jean M. Henne, Winter Haven, for appellants/cross-appellees.
Keith M. Carter of Mitchell, Alley, Rywant and Vessel, P.A., Tampa, for appellee/cross-appellant.
THREADGILL, Judge.
James and Diann Bolin appeal summary judgment entered in favor of Massachusetts Bay Insurance Company on Mr. Bolin's claim for uninsured motorists benefits under his wife's policy. The court found that Mr. Bolin was not covered under his wife's policy when driving his own vehicle, and that the applicable statute of limitations was the five-year contract statute. We agree and affirm.
The liability insurance section of this contract provides coverage as follows:
Persons Insured: Under the Liability and Medical Expense Coverages, the following are insureds:
(a) with respect to an owned automobile,
(1) the named insured and any relative resident of the same household,
(2) any other person using such automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, and
(3) any other person or organization but only with respect to his or its liability because of acts or omissions of an insured under (a)(1) or (2) above;
(b) with respect to a non-owned automobile,
(1) the named insured,
(2) any relative, but only with respect to a private passenger automobile or trailer, provided his actual operation or (if he is not operating) the other actual use thereof is with the permission, or reasonably believed to be with the permission, of the owner and is within the scope of such permission, and
(3) any other person or organization not owning or hiring the automobile, but only with respect to his or its liability because of acts or omissions of an insured under (b)(1) or (2) above.
Subsequently, the policy excludes from uninsured motorists coverage, "bodily injury to an insured while occupying a highway vehicle (other than an insured automobile) owned by the named insured or by any person resident in the same household who is related to the named insured... ."
The Bolins maintain that Mr. Bolin was insured under the basic liability coverage section of the policy and, therefore, as a matter of law, his exclusion from uninsured motorists coverage is invalid. Mullis v. State Farm Mutual Automobile Insurance Company, 252 So.2d 229 (Fla. 1971); Incardona v. Auto-Owners Insurance Company, 494 So.2d 513 (Fla. 2d DCA 1986); Section 627.727, Florida Statutes (1985). Massachusetts Bay concedes that it cannot exclude persons covered under the basic liability provisions of the policy from uninsured motorists coverage. However, it maintains that Mr. Bolin was not an insured under either sections (a) or (b) of the liability coverage provisions.
The Bolins point to (a) entitled Persons Insured "with respect to an owned automobile," as evidence that Mr. Bolin, as Mrs. Bolin's spouse, is insured under the basic liability coverage of this policy. This argument is unavailing. An "owned" automobile is defined in this policy as an automobile described in the policy for which premium charges are made, a trailer owned by the named insured, or a private automobile which is acquired by the named insured during the policy period. The automobile Mr. Bolin was driving meets none of these criteria.
In addition, he is not covered under (b) Persons Insured "with respect to a non-owned automobile." A non-owned automobile is defined elsewhere in the policy as an automobile which is not owned either by the named insured or any relative. Because Mr. Bolin's automobile does not satisfy the policy definitions of either a non-owned or owned automobile, he is not included under liability coverage. Therefore, he could be excluded from uninsured motorists coverage. Accordingly, the trial court was correct in granting summary *395 judgment in Massachusetts Bay's favor on this issue.
Massachusetts Bay, on cross-appeal, contends that the trial court erred in finding that the five-year contract statute of limitations was applicable to the present case. In Burnett v. Fireman's Fund Insurance Company, 408 So.2d 838 (Fla. 2d DCA 1982), this court held that despite the fact that an uninsured motorist stands in a tort relationship to the company, the action arises out of an insurance contract between the parties. Therefore, we held the five-year limitation period specified by section 95.11(2)(b) to be applicable. We adhere to this decision. Accordingly, the judgment of the trial court is affirmed.
Affirmed.
CAMPBELL, A.C.J., and FRANK, J., concur.