562 So.2d 437 (1990)
Jorge L. CARBONELL and Yolanda Carbonell, Appellants,
v.
AUTOMOBILE INSURANCE COMPANY OF HARTFORD, CONNECTICUT, Appellee.
No. 89-2733.
District Court of Appeal of Florida, Third District.
June 19, 1990.
*438 Hoppe, Backmeyer, Nelson & Stokes and Thomas E. Backmeyer, Miami, for appellants.
Ligman, Martin & Evans and David J. Beasley, Coral Gables, for appellee.
Before NESBITT, BASKIN and GODERICH, JJ.
NESBITT, Judge.
Appellants challenge an order granting their insurer's motion to dismiss with prejudice a complaint for a declaration concerning their rights as holders of an uninsured motorist insurance policy. We reverse.
Jorge Carbonell was injured in an automobile accident due to the negligence of an uninsured motorist. Carbonell was driving an automobile which he owned but which was not insured at the time of the accident. Carbonell owned three other vehicles, each of which was insured for $15,000 in uninsured motorist coverage by the appellee insurer. According to the terms of his policy, in order to receive coverage, Carbonell was required to report his acquisition of the additional car to the insurer within thirty days of his receipt of the vehicle so that the insurer could add the car to the insurance contract. Because the car was never reported, Carbonell never paid a premium to obtain coverage on the accident vehicle.
In Mullis v. State Farm Mut. Auto. Ins. Co., 252 So.2d 229 (Fla. 1971), the Supreme Court of Florida held that uninsured motorist coverage provided by an insurance policy is available to the named insured and residents of his or her household on any vehicle owned by such insureds, including those for which uninsured motorist coverage was not purchased. Under this holding, Carbonell would be entitled to utilize the uninsured motorist coverage purchased on his covered vehicles for damages resulting from the accident in his uncovered vehicle.
However, after Mullis, the legislature amended section 627.727, Florida Statutes (1989), to allow insurers to offer limitations on the coverage provided by uninsured motorist coverage if certain statutorily mandated notice requirements are met. Specifically, subsection (9)(d) of section 627.727 states:
The uninsured motorist coverage provided by the policy does not apply to the named insured or family members residing in his household who are injured while occupying any vehicle owned by such insureds for which uninsured motorist coverage was not purchased.
This limitation can only be binding, however, if the insurer informs the named insured on a form approved by the Department of Insurance and if the insured knowingly accepts the coverage limitations. § 627.727.[1]
In their complaint the Carbonells claimed they did not knowingly accept a limitation of their uninsured motorist coverage as section 627.727 requires. Consequently, they allege, they are entitled to rely on the law as stated in Mullis and are thus entitled to use the uninsured motorist coverage on their covered vehicles to cover the damages suffered by Jorge Carbonell, the *439 named insured, for injuries in his uninsured accident vehicle.
We hold that appellants have stated a cause of action for such a claim which it was error to dismiss. In moving to dismiss the complaint, the insurer did not produce the statutorily required form signed by appellants acknowledging acceptance of uninsured motorist coverage limitations. Instead, the insurer relied on the fact that the policy which the appellants signed specifically excluded uninsured motorist coverage for bodily injuries suffered by an insured or family member while occupying an owned vehicle which was not covered by the policy. However, this fact alone is not sufficient, for the purpose of granting a motion to dismiss with prejudice, to prove compliance with the statutorily mandated requirement of informed rejection of coverage limitations. See Nationwide Mut. Fire Ins. Co. v. Kauffman, 495 So.2d 1184 (Fla. 4th DCA 1986), ("The signature of the insured on an application for insurance in which uninsured motorist coverage is rejected or which requests lower limits than the bodily injury liability limits is not, in and of itself, sufficient to prove an informed rejection."), review dismissed, 511 So.2d 999 (Fla. 1987); Nationwide Mutual Ins. Co. v. Jones, 414 So.2d 1169 (Fla. 5th DCA 1982) (same).
Accordingly, we reverse the order dismissing the cause of action and remand for further proceedings on the issue of whether there was an informed rejection of coverage limitations.
NOTES
[1] "... [I]nsurers shall inform the named insured ... on a form approved by the department [of the Florida Insurance Commissioner], of the [uninsured motorist coverage] limitations imposed... . If this form is signed by a named insured ..., it shall be conclusively presumed that there was an informed, knowing acceptance of such limitations." § 627.727, Fla. Stat. (1989).