Donna DeLUNA, Plaintiff,

v.

**VALIANT INSURANCE COMPANY,**
Defendant.

No. 91–1865–Civ–T–17.

United States District Court,
M.D. Florida,
Tampa Division.

June 8, 1992.

Corey R. Stutin, Trapp, Farrance, Chastain & Uiterwyk, Tampa, Fla., for plaintiff.

Linda R. Hughes, Alpert, Josey & Grilli, P.A., Tampa, Fla., for defendant.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, District Judge.

This cause is before the Court on the following: Dkt. 15, Defendant's Motion For Summary Judgment; Dkt. 17, Plaintiff's Motion For Summary Judgment; Dkt. 18, Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment and in Opposition to Defendant's Motion for Summary Judgment; Dkt. 22, Defendant's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment.

This circuit clearly holds that summary judgment under Rule 56, Fed.R.Civ.P., will be considered based upon the standards of review set forth by the Supreme Court in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) and *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

The Supreme Court of the United States held in *Celotex* that where the moving party bears the burden of persuasion at trial, the party must support the summary judgment motion with credible evidence, using materials as specified in Rule 56(c), which would entitle it to a directed verdict if not controverted. Such an affirmative showing shifts the burden of production to the party opposing the motion. *Id.* 477 U.S. at 331, 106 S.Ct. at 2557, 91 L.Ed.2d at 279. The plain language of Rule 56(c) mandates entry of summary judgment, after adequate time for discovery, against a party who fails to establish the existence of an element essential to the party's case and on which they will bear the burden of proof at trial. *Id.* at 322, 106 S.Ct. at 3552, 91 L.Ed.2d at 273.

FACTS:

Plaintiff Donna DeLuna was involved in an automobile accident with an uninsured motorist on July 28, 1990 while driving a car which she owned. Plaintiff had her own liability and uninsured motorist coverage with Progressive Southeastern Insurance Company. At the time of the acci-

dent, Plaintiff's parents, Frank and Gloria Urso, had an insurance policy with Defendant Valiant Insurance Company which provided both liability and uninsured motorist coverage on the automobile owned by the Urso's.

Plaintiff seeks to recover under the uninsured motorist provisions of the Urso's policy as a household resident relative.

ISSUES:

■ The ultimate issues which Plaintiff seeks to have the court determine are whether the Valiant Insurance Policy extended general liability coverage to Plaintiff as a resident family member thereby necessitating the availability of uninsured motorist protection to Plaintiff and whether Defendant violated notice provisions of 627.727(9) Florida Statutes thereby invalidating Plaintiff's exclusion from uninsured motorist protection under the Valiant policy.

A.  Liability

Plaintiff contends that if liability coverage is provided under a policy, then uninsured motorist protection cannot be denied through exclusions and exceptions. *Mullis v. State Farm Mutual Automobile Insurance Company,* 252 So.2d 229 (Fla.1971). In *Mullis* the court stated that the intent of uninsured motorist legislation was to provide coverage to an insured that is mutually equivalent to the liability coverage provided under the policy. *Id.* at 237, 238.

Plaintiff relies on caselaw which mandates coverage under uninsured motorist provisions if there is coverage under liability portions of the policy. If a resident relative would have had liability coverage if driving the policy owner's vehicle, uninsured motorist protection cannot be excluded. *Auto–Owners Insurance Company v. Bennett* 466 So.2d 242 (Fla. 2d DCA 1984); *Lewis v. Cincinnati Insurance Company* 503 So.2d 908 (Fla. 5th DCA 1987).

In *Bennett,* basic liability coverage was extended to resident relatives with a subsequent exclusion if the resident relative owned an automobile. *Id.* at 244. The court reluctantly found the basic liability provision mandated uninsured motorist coverage although admitting that "abstract fairness would require a conclusion different from that which we reach." *Id.* at 245. The court in *Lewis* followed the precedent in *Bennett. Id.* at 910.

In *Incardona v. Auto–Owners Insurance Company* 494 So.2d 513 (Fla. 2d DCA 1986), uninsured motorist coverage was extended to a resident family member who was injured while driving her own vehicle which was separately insured. *Incardona* can be distinguished because there was no indication in the case holding that there was any exclusionary language in the liability portion of the policy so general liability coverage was available to the resident relative.

However, there is also caselaw in which the courts have upheld denial of liability coverage and policy exclusions for uninsured motorists coverage when a resident relative has been injured while driving a vehicle which is owned by that resident relative. *Government Employees Insurance Company v. Wright* 543 So.2d 1320 (Fla. 4th DCA 1989); *Bolin v. Massachusetts Bay Insurance Company* 518 So.2d 393 (Fla. 2d DCA 1988); *Dairyland Insurance Company v. Kriz* 495 So.2d 892 (Fla. 1st DCA 1986); *France v. Liberty Mutual Insurance Company* 380 So.2d 1155 (Fla. 3d DCA 1980).

In *Wright,* a resident relative was expressly excluded from liability coverage when injured in a vehicle which she owned. *Id.* at 1321. The court found that while according to *Mullis* uninsured motorist coverage must be provided for persons covered under the basic liability portion of the policy, if the claimant is not insured under the basic liability portion, the insurer is not restricted by the rule in *Mullis* regarding the necessity to furnish uninsured motorist coverage to resident relatives. *Id.* at 1322. The court in *Bolin* held that because a resident relative injured in his own car was not covered by the insurer's policy, uninsured motorist benefits were not available to him. *Id.* at 394.

In *Valiant Insurance Company v. Webster,* 567 So.2d 408, 411 (Fla.1990), the

court reaffirmed that *Mullis* is a polestar in determining the extent to which the state requires uninsured motorist coverage to be extended. They stated that *"Mullis* specifically holds that the statute requires only that uninsured motorist coverage must be provided to those covered for liability." *Id.* at 411. They stated further:

Since our decision in *Mullis,* the courts have consistently followed the principle that if the liability portions of an insurance policy would be applicable to a *particular accident,* the uninsured motorist provisions would likewise be applicable; whereas, if the liability provisions did not apply to a *given accident,* the uninsured motorist provisions of that policy would also not apply (except with respect to occupants of the insured vehicle.)

*Id.* at 410. (emphasis added).

The reference to a determination of liability based on a particular accident limits the scope of *Mullis.* Where in *Mullis* basic liability coverage, and consequently uninsured motorist protection, was found if the resident relative would have been entitled to recover in any situation using any vehicle, under *Valiant* uninsured motorist benefits are available only if the the resident relative would be entitled to general liability coverage for the particular accident at issue.

In the instant case, Plaintiff was not entitled to liability coverage under the Defendant's policy if driving a vehicle which she owned. Therefore, if Plaintiff had been in an accident with an insured motorist on July 28, 1990, Plaintiff could not have recovered under the liability provisions of the Defendant's policy. Following the holding in *Valiant,* because liability coverage was not available to Plaintiff under the provisions of Defendant's policy, uninsured motorist provisions of that policy would also not apply.

The Court finds that because there was no liability coverage applicable to the particular accident at issue, Plaintiff is likewise not entitled to uninsured motorist benefits under the Defendant's policy. *Valiant Insurance Company v. Webster* 567 So.2d 408 (Fla.1990).

## B.   Statutory Construction

■   Florida Statutes Section 627.727(9) (1989) requires that notice be given to the named insured of a policy if the policy contains certain limitations on uninsured motorist provisions. Plaintiff asserts that the exclusion in Defendant's policy which states that there is not uninsured motorist coverage for injuries occurring while occupying a vehicle owned by the named insured or a family member but not insured for uninsured motorist protection under the policy is a limitation for which notice should have been given. F.S. 627.727(9)(d). Defendant admits that no notice was given.

In *Carbonell v. Automobile Insurance Company of Hartford, Connecticut,* 562 So.2d 437 (Fla. 3d DCA 1990), the trial court's motion to dismiss was reversed where the insurer did not produce the statutorily signed form acknowledging acceptance of the limitations on uninsured motorist coverage. That the insured signed the policy which contained a limitation of benefits was not sufficient to prove, for purposes of granting a motion to dismiss with prejudice, compliance with the statutorily mandated requirement of informed rejection of coverage limitations. *Id.* at 439. This case can be distinguished because the party denied coverage for uninsured motorist benefits was the named insured who was in a car which he owned, but did not have insured under the policy. The purpose of the notice provisions of F.S. 627.727 is to protect the named insured. Further, the case holding in *Carbonell* does not indicate whether general liability was available to the insured when driving an owned vehicle. If general liability was available, the insured would be entitled to uninsured motorist coverage under *Mullis* and *Valiant.*

Plaintiff is not the named insured and is not entitled to notice under F.S. 627.727. Furthermore, Plaintiff is not entitled to general liability coverage under Defendant's policy and therefore, under *Valiant,* is not extended protection under uninsured motorist provisions of the policy.

The Court finds that the absence of notice of limitations on uninsured motorist coverage is irrelevant because Plaintiff is not entitled to notice under F.S. 627.727 and the Plaintiff is not entitled to uninsured motorist coverage because liability portions of Defendant's policy do not apply to the particular accident at issue. *Valiant Insurance Company v. Webster* 567 So.2d 408 (Fla.1990).

ORDERED that Defendant's motion for summary judgment is granted, and the Plaintiff's motion for summary judgment is denied. The Clerk is directed to enter a final judgment of dismissal in favor of Defendant.

DONE and ORDERED.