603 So.2d 1301 (1992)
PROGRESSIVE AMERICAN INSURANCE COMPANY, Appellant,
v.
Cathy HUNTER, Appellee.
No. 92-0829.
District Court of Appeal of Florida, Fourth District.
August 5, 1992.
*1302 Lori A. Bennett of Law Offices of Lori A. Bennett, Boca Raton, for appellant.
Gerald Lefebvre, Okeechobee, for appellee.
HERSEY, Judge.
This case presents an issue involving uninsured motorist's coverage and requires an interpretation of an exclusion contained in the policy under consideration.
Eugene and Opienell Hunter owned several automobiles. Some of those automobiles were insured by appellant, Progressive American Insurance Company (Progressive), for liability and uninsured motorist (UM) coverage. Eugene Hunter also owned, jointly with his daughter, Cathy Hunter, appellee, a 1990 Pontiac, which was separately insured by Great Oaks Casualty Insurance Company for liability and other coverages, but not uninsured motorist coverage.
While driving the Pontiac, Cathy was injured in an accident involving an automobile operated by an uninsured driver. Cathy subsequently brought suit under her parents' insurance policy with Progressive, which resulted in a summary final judgment, permitting her to recover under the UM section of the Progressive policy. Under that policy, Cathy was not a listed insured and the Pontiac she was driving was not a listed auto.
Progressive filed this appeal, asserting that language in its policy specifically excluded coverage under these facts because of the status of the automobile which Cathy was driving at the time of the accident. By "status" we refer to the legal relationship between this automobile and the operative provisions of the insurance policy.
The policy plainly provides coverage, under appropriate circumstances, for any "insured" person; that is, one of the named insureds, and any other person living in the same household with the named insureds and related to them by blood, marriage, or adoption. Thus, Cathy is an "insured person" as a resident relative of the named insureds. This determination applies to both liability and uninsured motorist coverage.
The policy further provides, as to liability insurance coverage in Part I of the policy, that:
We will pay on behalf of an injured person, damages, other than punitive or exemplary damages, for which an insured person is legally liable because of bodily injury and property damage caused by accident and arising out of the ownership, maintenance or use of your insured auto, utility trailer or any non-owned auto.
.....
Additional Definitions Used In This Part Only As used in this Part, "Insured person" means: 1. You, or a relative, for any liability arising out of the ownership, maintenance, or use of your insured auto, utility trailer or any non-owned auto.
We interpret this language as excluding (or, more properly, not including) Cathy while she was driving the Pontiac because that automobile is neither an "insured auto" or a "non-owned auto." The automobile is not an "insured auto" because it was not listed in the policy, and it is not a "non-owned auto" because it was jointly owned by Cathy and her father, one of the named insureds.
UM Coverage is related by specific policy language to liability coverage. That *1303 relationship is explained in the UM provision of the policy in Part III, which provides:
EXCLUSIONS: PLEASE READ THE EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, YOU WILL NOT HAVE COVERAGE FOR A LOSS THAT OTHERWISE WOULD BE COVERED UNDER THIS POLICY.
We do not cover bodily injury sustained by an injured person:
1. While occupying or when struck by a motor vehicle owned by you or a relative for which insurance is not afforded under Part I  Liability to Others, or Part III  Uninsured Motorist.
Because Cathy is not included for liability coverage under Part I of the policy, she is excluded by the foregoing provision in Part III from UM coverage.
In so holding, we do not depart from the line of cases standing for the proposition that where a named insured's resident relative is covered under the liability provision of the insurance policy (clearly not the case here), then regardless of the exclusions set forth in the UM provision, that person is entitled to UM coverage as well. See, e.g., Mullis v. State Farm Mutual Automobile Ins. Co., 252 So.2d 229 (Fla. 1971).
Controlling here is the line of cases holding that where a named insured's resident relative is not included under basic liability coverage, then the insurer is entitled to set forth exclusionary provisions pertaining to UM coverage. See, e.g., Government Employees Ins. Co. (GEICO) v. Wright, 543 So.2d 1320 (Fla.4th DCA), rev. denied, 551 So.2d 464 (Fla. 1989). Cases relied on by appellee in which UM coverage was afforded the driver of an automobile not owned or co-owned by a named insured are distinguishable because of that factor.
We reverse and remand for such further proceedings as may be appropriate.
DOWNEY, J., and ALDERMAN, JAMES E., Senior Justice, concur.