609 So.2d 1385 (1992)
NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Appellant,
v.
Kevin PHILLIPS and Kimberly Phillips f/k/a Kimberly Scanato, Appellees.
No. 92-270.
District Court of Appeal of Florida, Fifth District.
November 18, 1992.
Certification Denied December 14, 1992.
*1386 George A. Vaka of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellant.
Paul B. Irvin of Troutman, Williams, Irvin & Green, P.A., Winter Park, for appellees.
COBB, Judge.
The issue on appeal concerns whether a Class I insured is entitled to uninsured motorist ("UM") coverage even if he would not have been entitled to liability coverage had the accident in question been his fault. Class I insureds are the named insured, his or her spouse, and relatives of the same household, all of whom are covered by uninsured motorist family protection even when the insured automobile is not involved in the accident from which the injuries arose. Mullis v. State Farm Mut. Auto. Ins. Co., 252 So.2d 229, 237 (Fla. 1971).
Appellee Kimberly Phillips is the policyholder of the car insurance policy in question. Her husband, appellee Kevin Phillips, also is entitled to certain coverage under this policy as Kimberly Phillips's spouse and a resident of her household. According to the declaratory judgment action filed in this case, on September 28, 1990, Kevin Phillips was riding a motorcycle owned by him when he was injured by the negligence of an uninsured motorist. Kevin Phillips timely made a claim against appellant Nationwide Mutual Fire Insurance Company ("Nationwide") pursuant to his wife's policy (the "policy").
The policy provided liability coverage as follows:
Under this coverage, if you become legally obligated to pay damages resulting from the ownership, maintenance, use, loading or unloading of your auto, we will pay for such damages. Anyone living in your household has this protection.
The policy defined "you" as "the policyholder first named in the attached Declarations," including "that policyholder's spouse if living in the same household." The policy defined "your auto" as "the vehicle or vehicles described in the attached Declarations." The only vehicle described in the declarations was Kimberly Phillips's Chevette.
The UM section of the policy contains the following exclusion:
This Uninsured Motorists insurance does not apply as follows: 4. It does not apply to bodily injury suffered while occupying a motor vehicle owned by you or a relative living in your household, but not insured for Uninsured Motorists coverage under this policy... .
Nationwide declined coverage, claiming that because Kevin Phillips owned the motorcycle, which was not insured under the policy, the exclusion was applicable. The Phillipses then filed a declaratory judgment action. In response to their subsequent *1387 request for admissions, Nationwide admitted that it did not obtain a signed form from Kimberly Phillips acknowledging acceptance of the limited UM coverage. Kimberly Phillips also filed an affidavit stating that, prior to her husband's accident, she was never informed of any UM coverage limitations nor did she sign any form in which she agreed to such limitations. Ultimately, the parties filed cross motions for summary judgment.
The trial court granted the Phillipses' motion and denied Nationwide's. In doing so, the court found that Kevin Phillips was a Class I insured under the Nationwide policy at the time of his motorcycle accident and therefore was entitled to uninsured motorist coverage based on Mullis v. State Farm Mut. Auto. Ins. Co., 252 So.2d 229 (Fla. 1971) and other cases. Nationwide has appealed this order.
Any discussion of UM exclusions in Florida must begin with Mullis.[1] The classic and oft-quoted rule of law from Mullis is:
[A] member of the first class [of insureds] ... is covered by uninsured motorist liability protection issued pursuant to Section 627.0851 whenever or wherever bodily injury is inflicted upon him by the negligence of an uninsured motorist. He would be covered thereby whenever he is injured while walking, or while riding in motor vehicles, or in public conveyances, including uninsured motorist vehicles (including Honda motorcycles) owned by a member of the first class of insureds. Neither can an insured family member be excluded from such protection because of age, sex, or color of hair. Any other conclusion would be inconsistent with the intention of Section 627.0851. It was enacted to provide relief to innocent persons who were injured through the negligence of an uninsured motorist; it is not to be "whittled away" by exclusions and exceptions.
Mullis at 238. There can be no question that the supreme court interpreted section 627.0851[2] to provide UM coverage to Class I insureds "whenever or wherever" they suffer bodily injury as a result of an uninsured motorist, without regard to whether liability coverage would have been available for the particular accident from which the injury arose. The Mullis court also made it clear that UM coverage exclusions would not be permitted.
Nationwide contends that Mullis has been overruled, sub silentio, by the recent Florida Supreme Court case of Valiant Ins. Co. v. Webster, 567 So.2d 408 (Fla. 1990), and that, under the new rule announced by the court, an insured is not entitled to UM coverage if liability coverage under the same policy would not apply to the particular accident in question. Because the issue in Valiant was UM coverage for a survivor's claim in a wrongful death action, the language Nationwide relies upon was not necessary to the holding. The problem in Valiant was that the person injured was not an insured and the person insured received no bodily injury. In contrast, Kevin Phillips, as a resident relative of the named insured, was a Class I insured under the Nationwide policy and did suffer bodily injury.
Despite the fact that Valiant is distinguishable from this case, the Valiant court did include the following somewhat confusing restatement of the Mullis rule of law upon which Nationwide now relies:
Since our decision in Mullis, the courts have consistently followed the principle that if the liability portions of an insurance policy would be applicable to a particular accident, the uninsured motorist provisions would likewise be applicable. Whereas, if the liability provisions did not apply to a given accident, the uninsured motorist provisions of that policy would also not apply .... (Emphasis added).
Valiant at 410. Nationwide urges that under its policy, liability coverage would *1388 not have been applicable to Kevin Phillips's accident because coverage only extends to accidents arising out of the use of Kimberly Phillips's Chevette, not Kevin Phillips's motorcycle. Because liability coverage would not have applied based on the abovequoted language, Nationwide maintains that UM coverage also is not available. The Phillipses argue that, based on Mullis, a Class I insured is entitled to UM coverage if injured by an uninsured motorist, regardless of whether liability coverage would have applied to the particular accident.
The issue presented here arises from the Valiant court's misleading use of the words "particular accident" and "given accident" in restating the Mullis rule of law. The dissent in Valiant explains the problem:
The majority claims that Mullis v. State Farm Mutual Automobile Insurance Co., 252 So.2d 229 (Fla. 1971), and subsequent cases "follow the principle" that uninsured motorist (UM) coverage is unavailable if the corresponding liability coverage is inapplicable to a particular accident. This principle, however, is wholly unmentioned in Mullis and in each of the cases cited by the majority for support. Quite the contrary, all of these cases apply an analysis that focuses exclusively on the injured individual rather than the accident; they rule simply and clearly that UM coverage is unavailable if liability coverage is inapplicable to a particular individual. The majority, unsupported by caselaw, broadens the exclusion from the "individual" to the "accident," apparently in order to embrace the facts of the present case.
Valiant at 412, n. 3 (Shaw, C.J., dissenting).
Mullis was decided in 1971. During the 21-year period since then, insurers repeatedly have attempted to limit the broad coverage rule enunciated therein. Nationwide's argument that UM coverage is not applicable unless liability coverage would have been available for the accident in question is not new. In fact, some of our sister courts have interpreted Mullis as requiring this "liability coverage" analysis. Progressive Am. Ins. Co. v. Hunter, 603 So.2d 1301 (Fla. 4th DCA 1992); Gov't Employees Ins. Co. v. Wright, 543 So.2d 1320 (Fla. 4th DCA 1989), rev. denied, 551 So.2d 464 (Fla. 1989); Bolin v. Mass. Bay Ins. Co., 518 So.2d 393 (Fla. 2d DCA 1987).
Valiant already has relied successfully on this totally new version of Mullis to avoid UM coverage in cases outside the wrongful death context. In DeLuna v. Valiant Ins. Co., 792 F. Supp. 790 (M.D.Fla. 1992), the Valiant Insurance Company made the same argument Nationwide now makes. Based on Valiant, the DeLuna court denied UM coverage to a Class I insured because she would not have been entitled to liability coverage in the particular accident for which she sought UM coverage. In explaining its rationale, the court summarized the effect of the Valiant holding on the Mullis rule of law:
The reference to a determination of liability based on a particular accident limits the scope of Mullis. Where in Mullis basic liability coverage, and consequently uninsured motorist protection, was found if the resident relative would have been entitled to recover in any situation using any vehicle, under Valiant uninsured motorist benefits are available only if the resident relative would be entitled to general liability coverage for the particular accident at issue. (Emphasis added).
DeLuna at 792.
Contrary to DeLuna's interpretation of Valiant as limiting the scope of Mullis, recent case law suggests the supreme court still interprets Mullis as requiring UM coverage regardless of the location of the insured. Only two years before its holding in Valiant, the Florida Supreme Court cited Mullis for the proposition that
Uninsured motorist protection does not inure to a particular motor vehicle, but instead protects the named insured or insured members of his family against bodily injury inflicted by the negligence of any uninsured motorist under whatever conditions, locations, or circumstances any of such insureds happen to *1389 be in at the time ... Thus, the insured may be a pedestrian at the time of such injury, riding in motor vehicles of others or in public conveyances or occupying motor vehicles owned by but which are not "insured automobiles" of the named insured. (Emphasis added).
Coleman v. Fla. Ins. Guaranty Ass'n, Inc., 517 So.2d 686, 689 (Fla. 1988). The supreme court has stated since Valiant that "Class-one insureds are covered regardless of their location when they are injured by an uninsured motorist." (Emphasis added). Florida Farm Bureau Cas. Co. v. Hurtado, 587 So.2d 1314, 1318 (Fla. 1991).
It is the supreme court's repeated emphasis on the fact that UM coverage is available to Class I insureds regardless of their location which clearly demonstrates the flaw in the "liability coverage" analysis Nationwide now urges this court to apply. If this new "liability coverage" analysis, which focuses on coverage for the accident rather than the individuals insured, were correct, UM coverage would no longer apply to Class I insureds who happen to be pedestrians or using public conveyances. The current standard automobile insurance policy simply does not provide liability coverage for these types of accidents because they do not involve the "covered auto." Yet these situations are covered by UM insurance, as emphatically confirmed in both Mullis and Coleman.
When the Mullis court equated UM coverage to "liability coverage," it simply meant that any Class I insured is entitled to UM benefits equal to the liability insurance the (uninsured) tortfeasor would have had if he had carried liability insurance equal to the Class I insured's liability insurance. This fact is reiterated by the Valiant court at the end of its opinion. "Mullis specifically holds that the statute requires only that uninsured motorist coverage must be provided to those covered for liability." (Emphasis added). 567 So.2d at 411. In the absence of statutory waiver, the proper inquiry is whether the injured person is a Class I insured  not whether the injured person, had he been the tortfeasor, would be subject to some exclusion from liability coverage based upon the facts surrounding the particular accident:
If the supreme court had intended to effect such a drastic change in UM coverage law, surely it would have expressly receded from Mullis in Valiant. Rather, the court in Valiant probably intended merely to restate the rule of law that where an individual is not an insured for any purposes under a liability policy, that individual will not be entitled to UM coverage. This conclusion is supported by the fact that the individual upon which the court focused in Valiant was not covered for any purpose by his father's policy because he was not a resident relative of his father's house at the time of the accident. Therefore, the court found that UM coverage under the same policy also was not applicable. Moreover, the majority opinion in Valiant, far from receding from Mullis, refers to it as "the polestar" in determining UM coverage.
In light of the broad coverage rule so clearly stated in Mullis under virtually identical facts, coupled with the fact that Valiant's misstatement of that rule was not necessary to its holding, we consider the language of Valiant relied upon by Nationwide to be nonbinding dictum. Myers v. Atlantic Coast Line R.R. Co., 112 So.2d 263 (Fla. 1959); State ex rel. Biscayne Kennel Club v. Bd. of Business Regulation, 276 So.2d 823 (Fla. 1973). Therefore, Kevin Phillips, who the trial court expressly found to be a Class I insured, is entitled to UM coverage in the instant case, regardless of his location on a motorcycle which was not insured for liability coverage under the subject policy.
As an extension of its "liability coverage" argument, Nationwide further argues that, because liability coverage was not available to Kevin Phillips for this accident, the following exclusion contained in the Phillipses' policy is valid:
The Uninsured Motorists insurance does not apply as follows: 4. It does not apply to bodily injury suffered while occupying a motor vehicle owned by you or a relative living in your household, but *1390 not insured for uninsured motorists coverage under this policy.
The Phillipses acknowledge that, pursuant to section 627.727(9)(d), Florida Statutes, an insurer is able to limit UM coverage via exclusions such as the one contained in the instant policy, but only if the insurer obtains a knowing acceptance of such limited coverage from the insured. The Phillipses maintain that Nationwide never obtained this knowing acceptance from Kimberly Phillips, the named insured. Therefore, the exclusion is invalid and Kevin Phillips, as a Class I insured, is entitled to UM coverage for the injuries he sustained in his motorcycle accident.
We agree with the Phillipses. Nationwide's argument ignores the supreme court's clear pronouncement in Mullis that exclusions of UM coverage are impermissible as to Class I insureds. Mullis at 238. In the past, this court has rejected exclusions similar to the above based on Mullis. Lewis v. Cincinnati Ins. Co., 503 So.2d 908 (Fla. 5th DCA 1987), rev. denied, 511 So.2d 297 (Fla. 1987); Auto-Owners Ins. Co. v. Queen, 468 So.2d 498 (Fla. 5th DCA 1985).
In 1987, the Florida Legislature renumbered and redrafted the UM statute to allow insurers to offer UM policies which contain the following limitation:
The uninsured motorist coverage provided by the policy does not apply to the named insured or family members residing in his household who are injured while occupying any vehicle owned by such insureds for which uninsured motorist coverage was not purchased.
Section 627.727(9)(d), Florida Statutes (1991). However, if an insurer wishes to offer this limited UM coverage, it must first satisfy the statutorily mandated notice requirement:
In connection with the offer authorized by this subsection, insurers shall inform the named insured, applicant or lessee, on a form approved by the department, of the limitations imposed under this subsection and that such coverage is an alternative to coverage without such limitations. If this form is signed by a named insured, applicant, or lessee, it shall be conclusively presumed that there was an informed, knowing acceptance of such limitations....
§ 627.727(9), Fla. Stat. (1991).[3]
Section 627.727(9)(d) creates a statutory exception to the Mullis rule invalidating UM coverage exclusions as to Class I insureds. However, if an insurer fails to satisfy the notice requirement of the statute, the law stated in Mullis governs and the exclusion is unenforceable. Carbonell v. Auto. Ins. Co. of Hartford, Connecticut, 562 So.2d 437 (Fla. 3d DCA 1990). This reasoning follows logically from Florida's long-standing refusal to permit insurers to "whittle away" at UM coverage with endless exclusions. Gov't Employees Ins. Co. v. Fitzgibbon, 568 So.2d 113, 115 (Fla. 5th DCA 1990), approved, 583 So.2d 1020 (Fla. 1991).
In the instant case, the Phillipses claim Nationwide did not satisfy the notice requirement of section 627.727(9). As noted earlier, in response to the Phillipses' request for admissions, Nationwide admitted that it did not obtain from either Kevin or Kimberly Phillips a signed form acknowledging acceptance of the exclusion. In addition, Kimberly Phillips filed an affidavit stating that she had not been informed of any exclusions prior to her husband's accident. Nationwide has offered no evidence to controvert the Phillipses' position that Nationwide failed to satisfy the notice requirement. For purposes of summary judgment, then, it is safe to assume Nationwide neither informed Kimberly Phillips of the limitation nor obtained a written rejection of full UM coverage. Herring v. Eiland, 81 So.2d 645 (Fla. 1955).
Because the insurer failed to obtain a knowing rejection of the statutorily required UM limits, Nationwide cannot rely upon section 627.727(9)(d) to validate its otherwise invalid exclusion. Recalling that the trial court found Kevin Phillips to be a *1391 Class I insured, based on Mullis, Kevin Phillips is entitled to UM coverage "whenever or wherever bodily injury is inflicted upon him by the negligence of an uninsured motorist." Mullis at 238.
AFFIRMED.
COWART and GRIFFIN, JJ., concur.
NOTES
[1] "Ever since its publication, the Mullis opinion has been the polestar in determining the extent to which the state requires uninsured motorist coverage to be provided." Valiant Ins. Co. v. Webster, 567 So.2d 408, 411 (Fla. 1990).
[2] Now renumbered as section 627.727.
[3] In addition, an insurer wishing to offer this limited UM coverage must file with the department revised premium rates reflecting at least a 20 percent reduction in the UM premium as a result of the limited coverage. § 627.727(9), Fla. Stat. (1991).