[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11468

Non-Argument Calendar

_____

SHEILA LAPHAM,

Plaintiff-Appellant,

versus

GOVERNMENT EMPLOYEES INSURANCE COMPANY,
a Maryland corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:19-cv-02016-CEH-AAS

_____

Before JORDAN, NEWSOM, and BRASHER, Circuit Judges.

PER CURIAM:

Sheila Lapham appeals the district court's summary judgment in favor of her insurer, Government Employees Insurance Company. After Lapham was involved in an automobile accident, she sought coverage under her primary automobile insurance policy and an umbrella policy issued by GEICO. GEICO paid her claim under the automobile policy in full but denied her claim for uninsured motorist coverage under the umbrella policy on the grounds that Lapham never elected UM coverage for that policy. Lapham filed a breach of contract action seeking UM coverage under the umbrella policy. On appeal, she argues that GEICO violated Florida law by failing to make UM coverage available to her when her policy was first delivered to her in Florida, and that GEICO's subsequent offer of UM coverage during the policy renewal period did not cure that violation. After careful review, we affirm.

## I.

Sheila Lapham and her husband Mark applied for and received a personal umbrella insurance policy from GEICO while living in New Jersey. The umbrella policy did not contain uninsured motorist coverage, as UM coverage was not required by New Jersey law. When the Laphams moved to Florida in August 2016, GEICO transferred their policy from New Jersey to Florida, issuing an amended policy declaration reflecting the Laphams' new

address. The 2016 policy covered the Laphams through August 18, 2017.

In June 2017, GEICO sent the Laphams a renewal packet that would extend the Laphams' coverage through August 18, 2018. The packet included a form titled "Personal Umbrella Policy Option Form—Florida Uninsured Motorists Coverage" that offered the Laphams $1,000,000 in UM coverage. The Laphams renewed the policy but did not return the UM Option Form to GEICO or otherwise request umbrella UM coverage during the renewal period.

In March 2018, Lapham was involved in a car accident that caused her serious injuries. Soon after, she submitted a claim for $1,000,000 in umbrella UM policy benefits to GEICO. GEICO denied that claim because Lapham's policy did not provide umbrella UM coverage.

Lapham sued GEICO for breach of contract and sought $1,000,000 in umbrella UM benefits under the policy. Specifically, Lapham alleged that GEICO improperly denied UM coverage based on its noncompliance with Fla. Stat. Ann. § 627.727(2), which required GEICO to make umbrella UM coverage available when the policy was delivered in Florida. She argued that GEICO's later refusal to provide UM coverage under the umbrella policy amounted to a breach.

Both parties moved for summary judgment. Lapham argued that GEICO's initial failure to make umbrella UM coverage

available when GEICO delivered the policy in Florida was not cured by its subsequent offer of UM coverage during the renewal period, and that Lapham was entitled to umbrella UM coverage as a matter of law. GEICO argued that it substantially complied with Section 627.727(2) because it (1) made UM coverage available to Lapham for the policy period at issue through the UM Option Form, and (2) Lapham did not make a written request for umbrella UM coverage before the accident. The district court granted GEICO's Motion for Summary Judgment and denied Lapham's Motion for Summary Judgment. Lapham appealed.

## II.

We review the district court's grant of summary judgment *de novo*, applying the same legal standards as the district court. *Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1293 (11th Cir. 2006). Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must draw all reasonable inferences in favor of the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

## III.

The district court held that, though GEICO did not immediately "make [UM coverage] available" when it transferred the Laphams' policy from New Jersey to Florida, it "substantially complied" with Section 627.727(2) by including the UM Option Form

in the renewal packet it sent Lapham ten months later. Lapham argues that GEICO violated Florida law by failing to make UM coverage available upon delivering the policy in Florida, and that the violation was not cured by making UM coverage available during the renewal period. GEICO responds that, although its duty to make UM coverage available arose when the policy was delivered in Florida, that duty was discharged when it included the UM Option Form in the renewal packet. Because Lapham did not return the form or otherwise request UM coverage in writing, GEICO contends that Lapham's umbrella policy does not entitle her to UM coverage and that GEICO did not breach its contract by failing to provide such coverage. For the reasons set forth below, we agree with GEICO.

Florida law requires excess insurance carriers offering policies of umbrella liability insurance to "make available" umbrella UM coverage to insureds "as a part of the application for such polic[ies]" and "at the written request of an insured." Fla. Stat. § 627.727(2). Here, that duty arose when GEICO delivered the policy to the Laphams in Florida, even though GEICO sent the application and originally issued the policy in New Jersey. *See Strochak v. Fed. Ins. Co.*, 717 So. 2d 453, 454 (Fla. 1998) ("[A]n excess carrier has a duty to make available the uninsured motorists (UM) coverage required by section 627.727(2) . . . when any vehicle, covered or subsequently added, first becomes registered or principally garaged in Florida and when the policy is delivered or issued for delivery in Florida.")

Florida courts have construed "make available" to merely require that an insurer notify an applicant of the availability of UM coverage. *Travelers Ins. Co. v. Quirk*, 583 So. 2d 1026, 1029 (Fla. 1991) (holding that Section 627.727(2) "requires an insurer of an umbrella policy to notify an applicant of the availability of UM coverage"); *Tres v. Royal Surplus Lines Ins. Co.*, 705 So. 2d 643, 645 (Fla. 3d DCA 1998) (holding that section 627.727(2) "only requires an issuer of a non-primary policy to notify an applicant of the availability of UM coverage"). In determining whether an insurer has satisfied its obligation under the statute, courts ask whether it "substantially complied" with the notice requirement. *Quirk*, 583 So. 2d at 1029. The "ultimate intention" of the statute is "making known to the insured the availability of non-primary UM coverage" so that the insured can "make a choice." *Tres*, 705 So. 2d at 645.

Here, GEICO substantially complied with Section 626.727(2). GEICO concedes that it failed to make UM coverage available when it first delivered the Laphams' policy in Florida. But that failure occurred during the 2016-2017 policy year. The parties agree that in June 2017 GEICO sent a renewal policy packet to Lapham that contained the UM Option Form, which made available up to $1,000,000 in umbrella UM coverage. That coverage was made available prior to the commencement of the 2017-2018 policy year during which the accident occurred. The UM Option Form made the availability of umbrella UM coverage known to Lapham so that she could make a choice—and it is undisputed that Lapham

chose not to return the form or make any other written request for umbrella UM coverage prior to the accident in March 2018.

Lapham argues that the UM Option Form contained in the renewal packet cannot satisfy Section 627.727(2) because the UM coverage was not offered as part of a formal application for insurance. Instead, she contends that GEICO's failure to make umbrella UM coverage available when the policy was delivered in Florida overrides its subsequent offer of UM coverage for the relevant policy period, and that unless GEICO requires Lapham to re-apply for a new umbrella policy (as opposed to renewing her existing policy) she is entitled to UM coverage as a matter of law. This argument fails. The Florida Supreme Court held in *Strochak* that the duty to make UM coverage available arises when a policy is delivered in Florida whether or not the insured fills out a formal application. 717 So. 2d. at 455 (whether coverage was added "via a 'worksheet' rather than an 'application' is a distinction without a difference"). But it said nothing of when and how that duty may be discharged. That is because the insurer in *Strochak* never attempted to cure its initial failure with a later offer of UM coverage at all, rendering that decision factually distinct from this case. Accordingly, we find no support in Florida law for Lapham's contention that, though an insurer's duty to offer UM coverage can arise outside of a formal application process, that same duty can only be discharged during a formal application process.

On the contrary, Section 627.727(2) merely requires an insurer to substantially comply with its mandate by notifying its

insured of the availability of UM coverage. *Quirk*, 583 So. 2d at 1029. Here, GEICO did so via the UM Option Form, which notified Lapham of the availability of up to $1,000,000 in umbrella UM coverage during the policy renewal period. Lapham was on notice prior to the accident that umbrella UM coverage was available and elected not to include it in her policy.

**AFFIRMED.**